## MAPLES *vs.* BURNSIDE.

A plea of a discharge under the late bankrupt act of the United States, must shew that the plaintiff's debt is not of the class mentioned in the first section of the act as having been created *in consequence of a defalcation as a public officer, or as executor, &c.*

Whether a replication to a plea of a bankrupt discharge, averring generally that the discharge was obtained through fraud and wilful concealment of the bankrupt's property, accompanied by a notice specifying the acts of fraud and concealment, is good, *quere.*

DEMURRER to replication. The declaration was in assumpsit. Plea, *Actio non,* because, &c., the defendant, on, &c., at, &c., he, the said defendant, (then and there residing, &c.,) " was owing debts to a large amount, which debts he was then and there utterly unable to meet, pay, or discharge, and which said debts had not, nor had any of them or any part thereof been created by or in consequence of any defalcation of a public officer, or as executor, administrator, guardian or trustee, nor while acting in any other fiduciary capacity." The plea then

Maples *v.* Burnside.

states that the defendant thereby became bankrupt within the intent and meaning of the bankrupt act, and presented his petition, &c.; setting out the proceedings and discharge as in the last preceeding case, followed by an averment "that the said several supposed promises and undertakings in the declaration aforesaid set forth, and each and every of them were made, if any such were made, and all the indebtedness thereby accruing, if any did accrue, was owing long before the said time of the said presentation and filing of his said petition to be declared a bankrupt;" concluding with a verification. Replication, *precludi non,* because, &c. " the said discharge and certificate in said defendant's plea mentioned, was by said defendant obtained through fraud and wilful concealment by him, the said defendant, of his property and rights of property, contrary to the provisions of the act in said plea mentioned," concluding to the country. There was a notice annexed to the plea, and copied into the demurrer books, specifying several acts of fraud and concealment to be given in evidence, as was stated, under the replication. Demurrer and joinder.

*C. C. Noble,* for the defendant, insisted that the act of congress did not prescribe any form of pleading where a party seeks to impeach a discharge. It is true the act provides (§ 4) that the discharge may be impeached for fraud or wilful concealment, " on prior reasonable notice specifying in writing such fraud or concealment." This provision was not, however, intended to change the form of pleading. The replication should itself set forth the acts of fraud relied upon, and thus the regular form of pleading would be preserved and the intention of the act of congress carried out. Besides, the notice is no part of the replication, and then there is nothing but a general allegation of fraud and concealment, which is insufficient upon general principles, and a violation of the provision cited from the bankrupt act.

*N. Hill Jr.,* for the plaintiff. If a general replication accompanied by a notice will not answer, then only a single act of

Maples *v.* Burnside.

fraud or concealment can be relied on, unless the plaintiff obtains leave to reply double ; for a replication stating several distinct acts would be bad for duplicity.

But the plea is bad. It does not aver that the plaintiff's debts did not arise out of a defalcation of a public officer, &c.

*Noble*, in reply, insisted that the introductory and concluding averments in the plea, taken together, amounted to such allegation.

PER CURIAM. The plea is fatally defective. There is a class of debts upon which a bankrupt's discharge does not operate, and a plea of such discharge must shew that the plaintiff's debt does not belong to that class. The two averments referred to by the defendant's counsel do not, even argumentatively, make this out. It is not averred that all the defendant's debts were such as did not arise in consequence of a defalcation by a public officer, &c., but only that he owed debts which were not so created ; and at the conclusion he only says that the plaintiff's debt, if it existed, was owing prior to the time of presenting his petition, not that it was one of those mentioned at the commencement of the plea.

The plea being bad it is unnecessary to express an opinion upon the replication.(*a*)

Judgment for the plaintiff.

(*a*) See *Brereton* v. *Hull*, (*ante*, 75.)