## COATES & BECKER *vs.* SIMMONS.

A plea setting up a discharge under the bankrupt act of 1841 must aver·that at the time of presenting his petition the defendant was owing debts which had not been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian, or trustee, or while acting in any other fiduciary capacity.

Such an allegation is matter of substance, and is necessary to show that the district court had jurisdiction.

It is necessary for the defendant not only to aver, in such a plea, that he owed debts, but that they were of the kind specified in the bankrupt act.

It is not sufficient for him to allege, in his plea, that he was a bankrupt, and entitled to the benefit of the act.

THIS was an action of assumpsit, on two promissory notes which became due July 2d, 1838. The defendant pleaded first the general issue, and secondly a discharge under the U. States bankrupt act of 1841, obtained June 10, 1842. In the second plea it was alleged that " the defendant being a resident of the town of Watervliet, county of Albany and northern district of the state of New-York, and being a bankrupt, within the meaning of, and entitled to the benefit of the act of congress entitled " An act to establish a uniform system of bankruptcy," &c. &c. " did duly present, &c. a petition," &c. The plaintiffs put in four replications to this plea. In the first replication the plaintiffs alleged " that the said defendant in his said proceedings in the said plea stated under the said act of congress," &c. &c. " was guilty of fraud *and* wilful concealment of his property, against the express provisions of the said act, and in direct violation thereof, in fraudulently and wilfully omitting to set forth and include in the inventory of his property, rights and credits in the said plea mentioned, the following articles of real and personal property, which said articles of real and personal property were the property of the said defendant and in which he had a right and interest at the time of presenting his said petition to be declared a bankrupt under the said act, to wit, one gold watch of the value of one hundred and fifty dollars, one horse of the value of one hundred dollars, one one-horse wagon of the value of fifty dollars, one set of single harness of the value of twenty dollars," &c. (enumerating many other articles.) The second replication alleged that the defendant was guilty of a "*fraud* against the provisions of the act, in having, after the passage of the act, and in contemplation of bankruptcy, fraudulently conveyed and transferred to one Jonas Simmons, &c. &c. without any consideration, the following real and personal property, to wit, one hundred sets of tools, implements and apparatus used in the manufacture of axes, twenty thousand pounds of steel, fifty tons of coal," &c. (enumerating many other articles.) The third replication was like the second, except that the transfer was alleged to have been made to Jonas Simmons and one Davis. The fourth replication

alleged, in similar terms, fraud in transferring, after the passage of the act and in contemplation of bankruptcy, a horse, wagon, and harness, to Miles White. There were demurrers to the replications, and joinders in demurrer. The defendant assigned as causes of demurrer, that the plaintiffs had alleged " fraud *and* wilful concealment," when neither would make, under the act of congress, a sufficient replication ; that by setting forth the omission of several distinct articles of real and personal property the plaintiff sought to include several distinct matters, any one of which, if true, would be a sufficient answer to the plea ; that the replication set up several distinct acts of fraud ; that by alleging the conveyance of several distinct articles of property, several distinct matters were sought to be put in issue, and that the plaintiffs had not alleged that the said articles so conveyed belonged to the defendant, &c. &c.

*R. Martin,* for the plaintiffs.

*M. T. Reynolds,* for the defendant.

*By the Court,* PARKER, J.　I am not prepared to say that the replications in this case are bad, though it would have been better not to allege both fraud *and* wilful concealment. Either would have made a good replication, under the fourth section of the bankrupt act, which provides that the discharge may be impeached for fraud *or* wilful concealment of property. The replication, however, charges but a single act. Both words are used as applicable to the transaction specially set forth ; and a wilful concealment of property, under the circumstances stated, is certainly a fraud also. The replication, therefore, must be considered as resting upon the allegation of a wilful concealment, described also by the pleader as fraudulent. The concealment of the several articles of property enumerated is set forth in the replication as one transaction. It is not necessary, in such case, that there should be a separate replication for each article concealed. The same rule applies to the conveyance of several different articles of property, where it is described as

constituting a single transaction. (*Brereton* v. *Hull,* 1 *Denio,* 75.) But it is unnecessary to express an opinion upon these, or the other objections made to the replications, because the plea is fatally defective.

It is not averred, in the plea, that the defendant "was owing debts which had not been created in consequence of a defalcation as a public officer, or as executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity." Such an allegation is matter of substance, and is necessary to show that the district court had jurisdiction. (*Varnum* v. *Wheeler,* 1 *Denio,* 331. *Bankrupt Act of* 1841, § 1.) But the defendant has averred in his plea that he was "a bankrupt and entitled to the benefit of the act of congress entitled an act to establish a uniform system of bankruptcy," &c. And it is urged that the word *bankrupt* implies that he *owed debts.* If the word *bankrupt* is to be understood as synonymous with *insolvent,* it would not be a sufficient allegation ; for it is necessary not only to aver that the defendant owed debts, but that they were of the kind specified in the act. If the definition of "bankrupt" is to be taken from the first section of the act, it will not avail the defendant; for to entitle a person to be deemed a "bankrupt," under the first clause of that section, he must not only owe debts of the description required, but must have presented his petition duly verified, and setting forth the facts therein prescribed ; and by the second clause of that section all persons being merchants, &c. owing debts to the amount of not less than two thousand dollars, may become bankrupts when duly proceeded against in certain cases. The mere allegation that the defendant was bankrupt would not show to which class he belonged. Nor is the allegation that the defendant was "bankrupt within the meaning of the act of congress," &c. any more definite; for all that may be true, without the defendant owing debts of the description required to give the court jurisdiction of his voluntary application.

There is not, therefore, any allegation equivalent in terms, to the language used in the act; and the omission being a mat-

ter of substance, there must be judgment for the plaintiff. (*Maples* v. *Burnside*, 1 *Denio*, 332. *Stephens* v. *Ely*, 6 *Hill*, 607.) The defendant must have leave to amend on payment of costs.

---

SAME TERM. *Before the same Justices.*