By the Court. Duer, J.
The answer is manifestly bad in,, both its branches. The Code has, indeed, abolished all technical rules of pleading, but it has not abolished those which are dictated by good sense, and are necessary to be observed in order to carry into effect its own provisions. It requires that the answer shall set forth “the facts constituting a defence.” The facts, therefore, which are relied on must be set forth at least with so much certainty as to enable the court to say, that admitting them to be true, they constitute a bar to the plaintiffs’ recovery. All the facts set forth in this answer may be true *181 exactly as they are alleged, and yet the plaintiffs »©4be entitled to recover.
The first branch of the answer avers that the parties submitted all matters in controversy relative to the note in suit to certain persons as arbitrators, that after the final submission of these matters upon a hearing of the parties, the arbitrators made and published an award, and that their power as arbitrators was not revoked prior to such final submission, all which may be true, and yet the award be on its face a nullity, or if valid on its face, the power of the arbitrators before it was made, may have ceased to exist.
It may not be necessary to set forth the terms of an award which is relied on as a defence, but it is necessary to set forth its substance, so that the court may be able to say that, if such an award was made, the action is barred. Here nothing is stated but the fact of an award which may not have followed the submission, or not have been made within the time limited by the submission, or may by its terms have directed or permitted the plaintiffs to prosecute this very action.
The averment that the power of the arbitrators was not revoked prior to the final submission admits by implicatioh that it was revoked before the award was made, and we incline to think is founded upon an erroneous interpretation of the Statute. The provision in the Revised Statutes, which declares that “ neither party shall have power to revoke the powers of the arbitrators after the cause shall have been finally submitted to them upon a hearing of the parties for their decision” (2 R. S., p. 544, § 23), has been held by Chancellor Walworth to be general, but we think it may be reasonably doubted whether it ought not to be construed as referring exclusively to those arbitrations, which the statute professes to regulate, leaving, in respect to other arbitrations, the rule of the common law unchanged, namely, that the powers of the arbitrators may be revoked at any time before they have made their award. It is not necessary, however, to decide this question, nor are we to be understood as deciding it. It is enough that the complaint does not show affirmatively that an award has been made which is a bar to the action.
It is not to be inferred from what we have said that either *182 in a complaint, where the action is brought upon an award, or in an answer where an award; is set up as a defence, it is necessary to negative a revocation of the powers of the arbitrators. As the proof of such a revocation plainly rests upon the opposite party, so must also its averment.
Next, as to the second defence. The goods sold by the plaintiffs to the defendant and which it is alleged were the consideration for the note in suit, may have been unsound and unmerchantable at the time of the sale, but unless there was a warranty, or fraud in the sale, the' defendant is not, for that reason, entitled to any deduction from the price; and as we read the answer, neither a warranty, nor fraud is alleged. It is indeed averred that the goods were sold by sample, but according to the recent decisions in the Court of Appeals, a sale by sample is not a sale by warranty, unless there was a positive agreement that the bulk of the goods should correspond with the sample. As such an agreement is necessary to be proved, it is also necessary to be averred.
So the answer also alleges that the goods were not in the state represented by the plaintiffs, but it does not state what the representations made by the plaintiffs were, or that they knew them to he false; there is therefore no allegation of fraud.
There are other objections to the answer which were urged by the counsel for the plaintiffs, but, without expressing any opinion as to their sufficiency, we prefer to place our judgment upon those which we have stated.
The order allowing the demurrer is affirmed with costs, with the usual liberty to the defendant to amend.