“Freedman, J.
the answer, as originally interposed, the defendants, Clews and Fowler, pleaded that on petition of certain of their creditors they had been duly adjudged bankrupts under the laws of the United States.
“When they subsequently obtained their discharges, they applied for and in 1876 obtained the leave of this court to set it up by way of supplemental answer. In granting such leave this court decided that they were entitled to whatever benefit might accrue to them from the discharge.
“A supplemental answer, setting forth this fact, was thereupon served and accepted, but no order granting leave entered. Years thereafter, when the case was about to be tried and the omission was discovered, an order was, by consent, entered as follows: 1 That said answer stand to all intents and purposes the same as if this order had been made and served on the day of the service of said supplemental answer, and that no other or further or amended answer be allowed to be served herein, and no other delay shall ensue by reason thereof, and that' said cause shall be restored to the calendar, and set down for trial for the first Monday of January, 1880, &c., &c.’
“It is obvious that this provision against further amendment was intended as a provision against a further delay of the trial, and not as a limitation of the power of the trial judge to grant such amendments as he is expressly authorized by the Code to allow upon the trial, in furtherance of justice.
“ With these preliminary remarks I shall at once proceed to deal with the questions directly presented.
“The court of appeals has decided on the appeal from the order of arrest,* that the liability incurred by *335 the defendants in this case, though it is for a conversion, involved no violation of a trust in that particular and technical sense contemplated by the bankruptcy act, but only a violation of contract obligations, and that it was discharged by the discharge in bankruptcy.
“ The meritoriousness of the defense having thus been conclusively established, so far as the courts of this State are concerned, and this court having granted leave to set it up to its full extent, it is now claimed that after all the defendants have set it up in such an incomplete way that all evidence relating to it should be excluded. The particular defects alleged are : (1) That the facts which conferred jurisdiction upon the United States district court are not set forth ; and, (2) That the plea of discharge does not specifically aver that the indebtedness is one that was provable in bankruptcy, and was not one that was created in consequence of some act excepted by the bankruptcy act.
“ As the defendants did not avail' themselves of the mode of pleading expressly sanctioned by the bankruptcy act, the questions must be disposed of under the rules of pleading prevailing in the courts of this State.
" There was a time when both these objections would have been held good by the courts of this State if raised at the proper time and in a proper manner. As to the first, however, it was finally settled in Campbell v. Perkins (8 N. Y. 430), that the discharge might be given in evidence under a plea with notice; and section 161 of the Code provided a short mode of averring the determination of a court or officer of special jurisdiction, which has been retained ever since (see Code Civ. Pro. § 532). Under that, I think the answer and supplemental answer, when taken together, are sufficient, so far as the first objection is concerned.
“As to the second I am inclined to think that the" *336 supplemental answer is defective in the alleged particular. But the plaintiffs, having failed to raise the question either by motion to make more definite and certain, or by demurrer, and tacitly treated the plea as sufficient for nearly four years, the objection, in view of the proceedings since had and adjudications since made, affecting the merits of the question, has become a purely technical one, and the defendants should be relieved against it under section 723 of the Code of Civil Procedure.
C. Bainbridge Smith, attorney, and of counsel, for appellant, after arguing in support of the proposition that plaintiff’s claim could not, under the provisions of the bankruptcy act be affected by defendants’ discharge, urged :
The supplemental answer of the defendants was so defective that it was conceded the discharges of the defendants in bankruptcy could not have been proved under it. The answer did not show that the plaintiffs’ debt was not created by the fraud of the defendants, or while acting in a fiduciary capacity. It did not aver the court had jurisdiction of the defendants, and it did not set out a copy of the discharge (U. S. Rev. Stat. 993, § 5119).
1. In pleading a bankrupt discharge a general averment that the court by which it was granted had jurisdiction will not answer. The facts necessary to confer jurisdiction must be set forth (Sackett v. Andross, 5 Hill, 327; Stephen v. Ely, 6 Id. 607. See *337 McLaughlin v. Nichols, 13 Abb. Pr. 244; Story Equity Pl. § 726). 1. It is necessary to aver, to constitute a good plea of bankruptcy, that the claim sued on was one provable under the bankrupt law, and that the defendant has been discharged under the bankrupt law, and that the defendant had been discharged by the judgment of the proper court, and had received a certificate of such discharge (McNulty v. Frame, 1 Sandf. 128; Hayes v. Fowler, 25 Mass. 169; Maples v. Burnside, 1 Denio, 332; Abbott's Forms, 475, No. 300). 2. A copy of the discharge should be set forth (U. S. Rev. Stat. § 5119) In the case of Stall v. Wilson, 11 Bank. Reg. 57, the court held that a plea of discharge which does not set forth a copy of the discharge is bad. The head-note of same case, in 38 N. J. 198, is: “That a plea setting up a discharge under the United States bankrupt act must set out a copy of the discharge and conclude with a verification.”
*336 “The defendants should have leave to amend, and the certificate of discharge should be received in evidence.”
The above amendment was thereupon made. The discharge was received in evidence, and a verdict directed for the defendants.
From the judgment entered on the verdict plaintiffs appealed.
*337 II. The question is not one of variance, but whether the discharges in bankruptcy have been pleaded.
III. The plea of a discharge is not a privileged one, and it seems even a default will not be opened to admit it (Park v. Casey, 25 Texas, 536 ; Holyoke v. Adams, 59 N. Y. 239 ; Medburg v. Swan, 36 Id. 200).
IV. If the defendants were entitled to amend their answer, it was under section 723 of the Code of Civil Procedure (Code Civ. Pro. § 723 ; Pratt v. Hudson R. R. Co., 21 N. Y. 313, 314). 1. This section, as does also section 173 (Code of Pro.), contain the words “in furtherance of justice.” To allow a defendant to plead his bankrupt discharge as a defense to a debt such as the one at bar, would not be in furtherance of justice (Holyoke v. Adams, 59 N. Y. 239).
V. The following are cases in which answers were held defective : Gihon v. Levy, 2 Duer, 176 ; Ayrault v. Chamberlain, 33 Barb. 229, 237; Wachter v. *338 Quenzer, 29 N. Y. 547, 551; Gould v. Homer, 12 Barb. 61; see also Greggs v. Howe, 3 Keyes, 166 ; Mallory v. Lamphear, 8 How. Pr. 491.
VI. According to the whole current of authorities the defendants could not prove their discharges except by amending their answer. Should that have been done? The defendants have sworn in their answer positively that the bonds “ were hypothecated for the purpose, among other things, of carrying out the letter of credit and the arrangements between the plaintiffs and these defendants.” 1. If this positive averment is true the defendants have a defense. 2. If false, they are not entitled to any favor from the court. 3. The defendants also pleaded accord and satisfaction, to which the same remarks as. above are applicable.
VII. It is submitted that the amendment was not in furtherance of justice, and should have been disallowed. Stipulations between the attorneys are binding. The defendants had been guilty of laches in not obtaining an order for leave to serve a supplemental-answer. It was agreed between them that if the plaintiffs would accept the supplemental answer served no other or further supplemental answer be made or served. An order of the court was also entered to the same effect (Cox v. New York Central R. Co., 63 N. Y. 414; McGuire v. New York Central R. Co., 6 Daly, 70; Oliver v. Bennet, 65 N. Y. 559; Foster v. Fitzsimmons, 3 Hun, 674).
J. M. Guiteau, attorney, and Wm. A. Abbott, of counsel, for respondent, urged :
I. The claim in suit is discharged by„ the bankruptcy discharges of the respondents, and is not such a claim as is excepted from the operation of such discharges by section 5117 of the United States Revised Statutes, title Bankruptcy (Hennequin v. Clews, 77 N. Y. 427).
II. The amendment of the supplemental answer on *339 the trial was discretionary with the court, and is not reviewable on appeal (Richtmeyer v. Remsen, 38 N. Y. 206 ; Code Civ. Pro. § 723 ; Code Pro. § 173).
III. Even if reviewable on appeal, the amendment should have been allowed, (a) For the reasons stated in the opinion of the court, hereto annexed, and adopted as part of this brief, as to this point. (5) Because the defendants’ attorney had no authority or right to make any consent cutting off these respondents from the right to have the court allow said supplemental answer to be amended, (c) Because said donsent and order was superfluous and unnecessary, and the advantage sought to be got from same by plaintiff’s counsel is unreasonable and unjustifiable.
IV. The amendment to the supplemental answer was allowed out of abundant caution only. Said answer pleaded the discharge substantially as provided in section 349 of the United States Revised Statutes.
Per Curiam.
The judgment should be affirmed, with costs, for the reasons given by Judge Freedmaw, upon his direction to the jury to find for the defendants.

 Hennequin v. Clews, 45 Super. Ct. 108; reversed on this point in 77 N. Y. 427.