THE GILES LITHOGRAPHIC AND LIBERTY PRINTING COMPANY, Respondent, *against* THE RECAMIER MANUFACTURING COMPANY, Appellant.

(Decided April 2d, 1888.)

In an action to recover the contract price of manufactured goods, the answer alleged that the goods tendered were inferior to the goods ordered, and that plaintiff, for the purpose of inducing defendant to accept such goods, agreed with defendant that their value should be determined by an expert in the business, who should act as arbitrator and fix the sum defendant should pay therefor; that such arbitrator inspected the goods and fixed the price, which price plaintiff refused to accept, though defendant was and is ready and willing to pay it. *Held*, that a common law arbitration is still valid in this state, and both submission and award may be made by parol; that the refusal to abide by an award excuses a tender of performance; that the award was a good plea in bar, and that the answer stated a good defense at least to part of plaintiff's claim, and it was error to strike it out as frivolous.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon an order made at a trial striking out an answer as frivolous.

The facts are stated in the opinion.

*Henry Thompson*, for appellant.

*Horwitz & Hershfield*, for respondent.

VAN HOESEN, J. — Though the answer is drawn in a very slovenly manner, it must be liberally construed (Code Civ. Pro. § 519), and, because of the failure of the plaintiff to attack it before the trial had begun, it will be supported to the fullest extent permitted by the law (*St. John* v. *Northrup*, 23 Barb. 26; *Wall* v. *Buffalo Water Works Co.*, 18 N. Y. 119). It was at one time held by the Court of Appeals (*Smith* v. *Countryman*, 30 N. Y. 665), that at the trial of an action it was not proper to grant a motion for judgment on the pleadings, and though a different view now prevails (*Schuyler* v. *Smith*, 51 N. Y. 309), it is a dangerous practice to allow either party to interpose an oral demurrer at the trial to the pleading of his adversary. If a pleading be substantially defective, the honest course is to demur to it, and thus give court and counsel a fair opportunity to examine and consider the question of law that is involved. If there be any reasonable doubt as to the insufficiency of the pleading, the court should deny a motion that is sprung at the trial, for judgment on the pleadings.

It is not perfectly clear that the answer in this case is radically insufficient, though it cannot be denied that it is very badly drawn. I think that we can spell out of it a plea of arbitrament and award. I do not use the language of the answer, but in substance it avers that the plaintiff was to make for and deliver to the defendant bottle wraps of cardboard or pasteboard, covered with lithographed paper, at the rate of $8.50 per thousand, but that instead of delivering wraps of cardboard or pasteboard, the plaintiff tendered wraps of thin paper that were worth not more than $4 per thousand; and that for the purpose of inducing the defendant to accept the thin wraps, the plaintiff knowingly, falsely, and wilfully, with intent to defraud the defendant, repre-

sented that the thin wraps were of the same value as wraps of pasteboard or cardboard, and that the defendant, relying on those false representations, was induced to accept the thin wraps, which could not be used unless cardboard was employed to reinforce them ; that the plaintiff and defendant agreed that the value of the thin wraps should be determined by an experienced lithographer who should act as arbitrator, and, as such, fix the sum that the defendant should pay the plaintiff for them; that Joseph S. Knapp was agreed upon as the arbitrator, and he fixed the price of the thin wraps at $5.25 per thousand, which price the plaintiff refused to accept, though the defendant was and is ready and willing to pay it; and that the plaintiff refused to abide by the agreement to arbitrate, and by the decision of the arbitrator.

The answer is fairly susceptible of this construction, though the looseness of its allegations leaves room for doubt as to whether I have correctly stated the exact meaning of the pleader. Of course, it would have been better if the answer had been so drawn that its meaning could not have been misunderstood. If a demurrer had been interposed, it is not impossible that, acting upon the authority of *Gihon* v. *Levy* (2 Duer 176), we should hold the answer to be insufficient as a plea of an award; for the answer in this case is quite as defective as it was in *Gihon* v. *Levy*. But if a demurrer had been filed, leave to amend might have been granted, if it appeared that the defense had merits, and the terms upon which an amendment might be allowed could have been carefully considered. The Trial Term affords no opportunity for dealing with questions of that description, and if the pleading through a blunder of the pleader be deficient in substance, final judgment is pronounced. A motion to amend either at the Trial Term, or after a direction for judgment has been entered, if entertained at all, is loaded with disadvantages that ought not to burden a *bona fide* application to perfect a pleading. It is for this reason that we feel bound to look with the utmost indulgence upon this answer, with all its imperfections, and

as the case was disposed of by the court below without considering whether the answer was bad because the defendant had no defense, or merely because a good defense had been unskilfully pleaded, we shall give a liberal construction to the pleading, and inquire if the plea of arbitrament and award does not present a defense.

At the trial term, Justice NEHRBAS said that " as the answer admitted the agreement under which the wraps were manufactured, and " the claim of the plaintiff, " an arbitration could not bar the plaintiff's right to recover the full amount agreed to be paid." But the defendant did not admit the plaintiff's claim, and I am at a loss to understand why the learned justice regarded the denial made by the defendant as an admission.

At the General Term the plea of arbitrament and award was disregarded because " the arbitration was not under the statute, and the forms and procedure required by the statute were not followed."

It is evident that the court supposed that a common law arbitration was no longer recognized in this state, and that all arbitrations must be conducted in the manner prescribed by the Code of Civil Procedure. This view is erroneous. A common law arbitration is still valid, and the submission as well as the award may be by parol (*Wells* v. *Lain*, 15 Wend. 99; *Diedrick* v. *Richley*, 2 Hill 271; *McNully* v. *Solley*, 95 N. Y. 246).

The answer explicitly alleges a mutual agreement of the parties to submit to arbitration the dispute as to the sum that the defendant ought to pay for the thin wraps. Even if this agreement were by parol, it was valid. The arbitrator to be selected was to be an experienced lithographer, qualified by his personal knowledge to appraise the value of the wraps. Such an agreement is valid, for it was competent to the parties to submit the question of value to the judgment of the arbitrator upon his inspection of the goods, and without requiring testimony to be taken (*Wiberly* v. *Matthews*, 10 Daly 153; 91 N. Y. 648). The answer alleges that the arbitrator fixed and determined the price that the

defendant should pay for the wraps. This allegation is tantamount to an averment that the award was published; and as the award was oral, to publish it was to deliver it.

It has been held in England that " where the award has only decided what is due, and ascertained its amount, the money payable under the award is nothing but the original debt so ascertained in amount, and therefore the plea of arbitrament and award is bad, unless payment of the amount awarded be also alleged " (*Allen* v. *Milner*, 2 Crompt. & J. 47; 2 Tyrw. 113). The case of *Allen* v. *Milner* has never been accepted in this state as a correct exposition of the law, and in *Brazill* v. *Isham* (12 N. Y. 16), Chief Justice GARDINER pointed out the fallacy that had misled Chief Baron LYNDHURST. It was not essential to the validity of the plea that payment of the amount awarded should be alleged.

But the defendant gave a good excuse for its failure to perform the award; namely, that the plaintiff refused to accept the sum awarded, or to abide by the decision of the arbitrator. If this averment be true, the defendant was excused from making a tender (*Bunge* v. *Korp*, 48 N. Y. 225; *Blewett* v. *Baker*, 58 N. Y. 611).

The answer must then be taken as establishing that the amount to which the plaintiff is entitled is, not the sum claimed in the complaint, but that awarded by the arbitrator.

" If," said Chief Justice GARDINER, in *Brazill* v. *Isham* (*supra*), " a person be selected to state an account between men, who agree to abide by his report, the report has the same effect as though the parties had themselves stated the account and agreed upon the balance. In such a case, it would not bar the original cause of action." The plaintiff would not, however, be entitled to recover more than the amount fixed and determined by the arbiter.

But if, instead of being charged with the mere duty of settling an account between parties, a person is " clothed with authority to decree payment according to his judgment upon their duties and obligations, his adjudication, if fairly made, is as effectual a bar to an action for the same cause

as would be a decree of a chancellor" (GARDINER, Ch. J., in *Brazill* v. *Isham*, 12 N. Y. *supra*).

A party to an arbitration who, without excuse, fails to perform the duty that the award casts upon him, is not permitted to set up the award in bar of an action, "for it is against natural justice to make one default and wrong an excuse for another; but if the party make a timely and proper tender, and the other refuse to receive it, then the award is a good plea in bar, it being the fault of the latter, and he hath still a remedy for the money" (Bacon's Abridgment, Arbitrament and Award, G).

In any event, if the answer be true, the defendant should not be compelled to pay a greater sum than that awarded by the arbitrator; and if the arbitrator were authorized to decide, not merely a question of arithmetical calculation, but one of legal obligation and legal right, his award, followed by the refusal of the plaintiff to abide by it or to accept the sum awarded, is sufficient to bar the present action.

The judgment of the city court should be reversed and a new trial ordered, with costs of this appeal to the appellant to abide the event.

ALLEN, J., concurred.

Judgment reversed and new trial ordered, with costs of appeal to appellant to abide event.