### FARNHAM v. LE BOLT & CO.

(Supreme Court, Appellate Division, Third Department. June 24, 1909.)

PLEADING (§ 8*)—CONCLUSIONS—ACTION ON LEASE.

> Under a lease providing that it might be canceled if a racing bill was passed so as to change the present condition of racing at S., an allegation in an answer to a complaint for rent under the lease, that "a racing bill was passed so to change the said condition of racing at S." is not a conclusion of law, but of fact.
>
> [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 13; Dec. Dig. § 8.*]

Appeal from Special Term, Saratoga County.

Action by George A. Farnham against Le Bolt & Co. for rent. From a judgment overruling a demurrer to the answer, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

Nash Rockwood, for appellant.

George R. Salisbury, for respondent.

COCHRANE, J. The complaint alleges that on May 1, 1907, the defendant leased from plaintiff certain premises in Saratoga Springs,

and agreed to pay as rent $1,000 on May 1st and $1,000 on August 15th of each year, and that the lease was to continue from May 1, 1907, to November 1, 1909; that defendant is in possession under said lease, and has not paid the rent of $1,000 which became due August 15, 1908, and demands judgment for that amount. The answer sets out in full a provision in the lease as follows: "If a racing bill is passed, so as to change the present condition of racing at Saratoga Springs, N. Y., Le Bolt & Co. have the privilege of canceling this lease"—and alleges that on June 11, 1908, "a racing bill was passed so as to change the said condition of racing at Saratoga Springs, N. Y.," and that on July 10, 1908, the defendant canceled the lease and surrendered the premises, and has not since had the possession thereof. The plaintiff demurred to this answer, on the ground that it is insufficient in law on the face thereof. His demurrer has been overruled, and he appeals.

His contention is that the allegation in the answer that a racing bill was passed, so as to change the condition of racing, is a legal conclusion; that the answer should allege facts showing in what respect conditions of racing have been changed. The happening of the event on which, under the contract, the defendant was to have the privilege of canceling it, is alleged in the same terms as the conditional happening of such event is stated in the contract. While the allegation that "a racing bill was passed, so as to change the said condition of racing at Saratoga Springs, N. Y.," may be a conclusion, I think it is a conclusion of fact, and not of law. It is alleged in the answer as the identical fact which was specified in the contract as giving the defendant the right to its cancellation. See Town of Hadley v. Garner, 116 App. Div. 68, 71, 101 N. Y. Supp. 777.

The interlocutory judgment should be affirmed, with costs. All concur.