FRANCIS M. EPPLEY, Respondent, *v.* ARTHUR KENNEDY, Appellant.

Pleading — when insufficiency of allegations of fact in answer cannot be raised by objections to evidence offered by defendant — question should be raised by demurrer or motion.

Where a plaintiff fails to raise his objection to the sufficiency of the allegations of an answer by demurrer, or even by motion to dismiss, and relies upon the indirect method of objecting to evidence thereunder, a liberal rule will be applied in construing the pleading which is attacked.

In an action brought to recover the purchase price agreed to be paid for stock and property of a street railroad corporation, defendant alleged that he was induced to execute the contract therefor " by reason of the false and fraudulent misrepresentations of the plaintiff to the effect that

he had authority to make the said contract and that the franchises therein mentioned were in all respects valid and worth a large amount, and that the sum of $25,000 which the defendant was to pay by the terms of said contract was to reimburse the parties for expenditures in connection with the properties specified in said contract." Said defense further alleged that the defendant relied on said representations which were " false and well known by the plaintiff, when made, to be false and were made with the intention to deceive and defraud the defendant, whereas the plaintiff had no authority to make the said contract, and the franchises therein mentioned were invalid and worthless, and the defendant is informed and believes and therefore alleges that no such sum as $25,000 has been expended in connection with the properties specified in said contract." *Held*, that these allegations were statements of conclusions of fact and, therefore, sufficient and that if plaintiff desired they should be more definite and certain his remedy was by motion to make them so. *Eppley* v. *Kennedy*, 131 App. Div. 1, reversed.

(Argued April 4, 1910; decided April 26, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 11, 1909, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Thomas Smith* and *Frank A. Gaynor* for appellant. The court erred in refusing to allow defendant to offer evidence of fraud. ( *Williamson* v. *Wager*, 90 App. Div. 186 ; *Babcock* v. *Anson*, 122 App. Div. 73 ; *Town of Hadley* v. *Garner*, 116 App. Div. 68 ; Baylies' Code Pl. & Pr. 231 ; *Homire* v. *Rodgers*, 74 Iowa, 395 ; *Farnham* v. *Le Bolt & Co.*, 133 App. Div. 520 ; *Titus* v. *Poole*, 145 N. Y. 414 ; *Simar* v. *Canaday*, 53 N. Y. 298 ; *Marston* v. *Sweet*, 66 N. Y. 206 ; *Grosjean* v. *Galloway*, 64 App. Div. 547.)

*G. H. Crawford* for respondent. The exceptions to the exclusion of evidence were not well founded. (*Knapp* v *City of Brooklyn*, 97 N. Y. 520 ; *Cohn* v. *Goldman*, 76 N. Y. 284 ; *Wood* v. *Amory*, 105 N. Y. 278 ; *Scofield* v. *Whitelegge*, 49 N. Y. 259 ; *Butler* v. *Viele*, 44 Barb. 166 ; *Scarboro* v. *Health Dept.*, 26 App. Div. 177 ; *Woolsey* v.

*Sunderland,* 47 App. Div. 86 ; *Lechner* v. *Newark,* 19 Misc. Rep. 452 ; *Park* v. *N. W. D. Assn.,* 175 N. Y. 1 ; *N. Y. & M. V. Co.* v. *Tyroler,* 25 App. Div. 161.)

HISCOCK, J. This is an action brought to recover the purchase price agreed to be paid for the stock and property of a street railroad corporation. While the underlying agreement upon which the action is based has given rise to some uncertainty by reason of its indefinite and incomplete provisions, most of the questions discussed on this appeal have been precipitated by the pleadings which are not very artificially drawn, the answer especially being legitimately subject to much criticism.

Several of the questions which the appellant seeks to argue concerning the sufficiency of plaintiff's complaint and of the evidence produced to sustain the same were not properly or adequately raised on the trial and, therefore, are not available. Nor do we regard as well founded the contention that the agreement is void on its face. This leaves as the only question requiring consideration the one whether competent evidence offered by the appellant to sustain one of his defenses was improperly excluded.

Plaintiff was the president of the railroad corporation for the sale of whose stock and property the contract was made with the defendant. By his third defense the latter alleged that he was induced to execute the contract " by reason of the false and fraudulent misrepresentations of the plaintiff to the effect that he had authority to make the said contract and that the franchises therein mentioned were in all respects valid and worth a large amount, and that the sum of $25,000 which the defendant was to pay by the terms of said contract was to reimburse the parties for expenditures in connection with the properties specified in said contract." Said defense further alleged that the defendant relied on said representations which were " false and well known by the plaintiff, when made, to be false and were made with the intention to deceive and defraud the defendant, whereas the plaintiff had no authority

to make the said contract, and the franchises therein mentioned were invalid and worthless, and the defendant is informed and believes and therefore alleges that no such sum as $25,000 has been expended in connection with the properties specified in said contract."

Evidence was offered for the purpose of sustaining, and which it is practically conceded would have tended to sustain, said allegations, but was excluded and proper exceptions taken to such exclusion. It is now urged that such exclusion was proper because the pleading above quoted does not contain any sufficient allegations of facts constituting a defense but of mere conclusions of law. With some hesitation I reach the conclusion that this contention is not well founded.

The allegations to the effect that plaintiff represented that $25,000 had been expended upon the properties to be sold to the defendant and that this representation was false, were allegations of fact, and in my opinion some of the evidence which was offered, especially the prospectus of the railroad, was available for the purpose of showing and tended to show that such representations were made. While the allegations of representations that the franchises were "valid and worth a large amount" when the fact was and was known by plaintiff to be otherwise and said franchises "invalid and worthless," are unquestionably closer to the line of insufficiency. I am inclined to think that as a whole they were the statement of conclusions of fact and, therefore, sufficient, and that if plaintiff desired that they should be more definite and certain his remedy was by motion to make them so. (*Prickhardt* v. *Robertson*, 4 Civ. Proc. R. 112; cited with approval, 90 App. Div. 191; *Furnham* v. *Le Bolt & Co.*, 133 App. Div. 520; *Rochester R. Co.* v. *Robinson*, 133 N. Y. 242, 246; *Sweeney* v. *O'Dwyer*, 197 N. Y. 499.)

Plaintiff having failed to raise his objection to the sufficiency of these allegations by demurrer, or even by motion to dismiss, and relying simply upon the indirect method of objecting to evidence thereunder, a liberal rule will be applied in construing the pleading which is attacked. (*Giles, etc.,*

*Co.* v. *Recamier Mfg. Co.*, 14 Daly, 475; *St. John* v. *Northrup*, 23 Barb. 25, 30; *Wall* v. *Buffalo W. W. Co.*, 18 N. Y. 119; *Comm. Title Ins. & T. Co.* v. *Dokko*, 71 Minn. 533; *Broyhill* v. *Norton*, 175 Mo. 190, 202; *Lampman* v. *Bruning*, 120 Iowa, 167; *Holz* v. *Hanson*, 115 Wis. 236.)

Another answer which might be made to this present contention of respondent, that the record does not fairly disclose that this objection was taken to much of the evidence which was rejected, seems to be expressly waived on the appellant's brief, and, therefore, will not be considered.

I recommend that the judgment be reversed and a new trial ordered, costs to abide event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER and CHASE, JJ., concur; WILLARD BARTLETT, J., concurs in result.

Judgment reversed, etc.