HALL vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*January 7 — February 3, 1880.*

*(1) Liberal rule of pleading in Justices' Courts. (2) Evidence of contract. (3) Evidence of ratification.*

1. A complaint in justice's court, though informal, is sufficient if it states a cause of action so that a person of common understanding would have no difficulty in knowing what is intended.
2. Where there was evidence tending to show that the defendant company had authorized one H. to make a certain contract with plaintiff for boarding some of its employees, or had subsequently ratified the contract so made, there was no error in rejecting evidence offered by defendant to show that it had not in other cases paid such bills except upon special conditions not included in such alleged contract.
3. Payment by defendant to plaintiff for board of the employees in question, for two months subsequent to the alleged contract made by H. in its behalf, if such payment was made with knowledge of the contract on defendant's part, would be evidence of a ratification.

APPEAL from the Municipal Court of the City and Town of *Ripon.*

The case is stated in the opinion.

The cause was submitted on the brief of *Melbert B. Cary* for the appellant, and that of *Dobbs & Turner* for the respondent.

COLE, J.   1. This action was commenced before a justice of the peace, where the plaintiff obtained judgment. The cause was removed by appeal to the municipal court of Ripon. The pleadings in both courts were oral. The defendant objected, on the trial in the municipal court, to the admission of

any testimony under the complaint, on the ground that it stated no cause of action. The objection was overruled, and that ruling is assigned for error here. The complaint is somewhat informal, but it is not so much so that a person of common understanding would have any difficulty in knowing what is the cause of action intended to be stated. This, by statute, is made the test of the sufficiency of such pleadings. (Section 51, ch. 120, Tay. Stats., and section 3626, R. S. 1878.) It is apparent from the complaint that the cause of action is founded upon an account for boarding the employees of the defendant. Of course, the liability of the defendant, if any existed, arose upon contract, express or implied.

2. We do not think there was any error in excluding the questions asked the witness Rock, which is the next exception relied on for a reversal of the judgment; for if the testimony showed that the defendant authorized Harrington to make the contract with the plaintiff for boarding its employees, which he did make; or if, without having given such authority, it afterwards ratified Harrington's act in that respect— it is plain that it would be liable, whatever responsibility it might have assumed as to other board bills in other cases. The questions which were asked Rock were, in substance, whether the defendant company, while the witness was the superintendent of the northern division of its road, ever paid board bills of hands working on its roads, or assumed responsibility in any case where the bills for such board were not sent to the office of the witness, or were not in his possession, at the time or before the pay-roll was made out. This rule or usage of the company, as to the payment of board bills, might be well enough for its protection, but it did not really affect the question of its liability in this case.

3. Several exceptions were taken to the charge of the municipal judge, as given, and also to his refusal to give certain requests asked on the part of the defendant. The questions of fact affecting defendant's legal liability to pay the plaintiff

the balance due on his board bill, seem to have been fairly submitted on the evidence, under proper instructions. The jury were told, in effect, that if they found that Harrington had no authority from the company to make the contract or arrangement for boarding the men, which the plaintiff claimed was made, yet if Harrington made such an arrangement with the knowledge of the company, and the company paid the September and October bills, this would amount to a ratification of Harrington's contract in the matter; but, on the contrary, if Harrington had no authority to make that contract, and if defendant knew nothing about it — even if made as claimed, — that the payment of previous bills would be no evidence of ratification of his acts by the company. This is the gist or pith of the charge. As a matter of course, if Harrington assumed to act for the company in making the contract for boarding the men without or in excess of authority given him, he could not bind the company by his acts. But if the company, with full knowledge of all the material circumstances, ratified his acts in that regard, it would be bound. The doctrine of the charge is, that whatever arrangement was made must have been known to the company when it paid the plaintiff for his board bills for September and October, otherwise ratification could not be inferred from such payments. But if the payments were made with full knowledge of the terms of the contract, they would be strong proof of the adoption of the contract by the company. It does not seem to us that the jury could have been misled to the prejudice of the defendant by the charge given.

*By the Court.* — The judgment of the municipal court is affirmed.