### JOSEPH NALLE V. M. PAGGI.

#### No. 6928.

1. **Partition Wall—Express Contract.**—Nalle and Paggi owning adjoining city lots, Paggi began building a partition wall one-half on Nalle's lot, when Nalle and Paggi had an understanding that when Nalle "used the wall he would do what was right about it in way of compensation."   Paggi completed the wall.   Nalle sold his lot.   In suit by Paggi for half the value of the wall, *held*, that Nalle's sale put it out of his power to use the wall, and he thereby became at once liable to pay Paggi for half the value of the wall.

2. **Promise to Do What is Right.**—The promise by Nalle to do what is right when he should use the wall meant that he would pay half its value.

3. **Using a Partition Wall.**—The sale of the lot including half the wall erected thereon was such a use of the wall as would make Nalle liable upon his promise. It seems a promise to pay might be presumed from the circumstances.

APPEAL from Travis.    Tried below before Hon. W. M. Key.
The opinion states the case.

*Walton, Hill & Walton,* for appellant.—1. The petition does not allege a breach of the contract, which it sets out as the foundation of the suit; there being no allegation of an express or implied contract on the part of Nalle to use the wall, his act in parting with it was not a breach of the contract set up, and the court erred in not sustaining his exceptions to the petition.

As to construction of the contract: 9 S. W. Rep., 207.

As to conditional contracts or promises upon contingency:  Rowlett v. Lane, 43 Texas, 274; Carlisle v. Hooks, 58 Texas, 421; Oliphant v. Coal and Mining Co., 63 Iowa, 332; Hall v. County of Los Angeles, Cal., 13 Pac. Rep., 853; Lorrillard v. Silver, 36 N. Y., 578; Ray v. Hodge, 13 Pac. Rep., 599.

Whether any implied contract arises in case of party wall built without agreement: Tied. on Real Prop., sec. 620, note 3; 3 Wait's Ac. and Def., 710.

2. (1) The court erred in its conclusion of law in so far as the same finds that Nalle is bound to pay plaintiff one-half of the value of the wall, because the same is not a legal deduction from the facts found, but is against the facts found.

(2) The court erred in finding as a conclusion of law that Nalle's sale of the lot was a violation or breach of his agreement, as found, to pay or do right if he ever built or used the wall.

(3) The court not having found any facts, or all necessary facts, to make a contract and breach thereof, erred in rendering judgment against the defendant.

*Sheeks & Sheeks,* for appellee.—1. The court was correct in overruling the general and special demurrers of the defendant.   Nalle v. Paggi, 9 S. W. Rep., 207; Day v. Caton, 119 Mass., 347; Richardson v. Tobey, 121 Mass., 457; Huck v. Flentye, 80 Ill., 258; Saunders v. Martin, 2 Lea (Tenn.), 213; Burtis v. Thompson, 1 Am. Rep., 516; Dugan v. Anderson, 11 Am. Rep., 509.

2. If by sale Nalle tried to renounce or avoid the contract he became immediately liable.   Holloway v. Griffith, 7 Am. Rep., 209.

"No man shall take advantage of his own wrong."   Broom's Legal Maxims, 209 (marginal page).

"When the performance becomes impossible by the act of the obligor, such impossibility forms no answer to an action." Broom's Legal Maxims, 185 (marginal page).

3.   If the facts stated in the petition do not show a cause of action, then Nalle could have sold the land the moment the wall was finished, got the $500 increased value for it put on there under his contract, without rendering to Paggi any quid pro quo, which would have been taking advantage of his own wrong.

4.   Nalle did use the wall by selling it.   The petition nor the finding of the court says that he was to build to it before he should pay. His selling was a using of it.   He used it and made money out of it. The legal maxims: "No man shall take advantage of his own wrong;" and "Qui facit per alium, facit per se."

MARR, JUDGE, *Section A.*—The statement of the case is taken from the brief of the appellant:

"Appellee brought this action originally against appellant and George Schuwirth for the recovery of half the value of a party wall. He recovered judgment against both, which judgment on appeal was reversed by this court.   The case having been referred to and decided by Commissioners of Appeals on agreement of parties (Nalle et al. v. Paggi, 9 S. W. Rep., 205), appellee dismissed as to Schuwirth and amended his petition so as to charge Nalle alone on alleged contract to pay for half the party wall.   Trial by the court resulted in judgment, March 15, 1889, against appellant for $627.30, half the value of the wall, and interest.   The court filed findings of fact and conclusions of law.   Appellant had exceptions noted and gave notice of and perfected appeal."

That portion of plaintiff's petition challenged by the exceptions interposed by the appellant and overruled in the court below is as follows:   "That on or about the said 4th day of August, 1875, the defendant and petitioner made and entered into a parol contract by which it was agreed that petitioner might build a wall, to be a partition wall, on the line between their two tracts of land so owned by them as aforesaid; that in so doing he might extend the foundation thereof one foot upon the land of defendant and should extend one foot upon the land of petitioner, so as to have one-half of the foundation and wall upon the land of defendant and one-half thereof on the land of petitioner, and that as soon as defendant desired to use said wall he would pay one-half of the value thereof to the petitioner."

The objection to the petition as made by the defendant is that Nalle was only to become liable in the event that "he desired to use said wall," and the petition fails to show the happening of this contingency. The petition, however, further alleges elsewhere "that afterward, to-wit, in October, 1883, the defendant sold and conveyed his said part

of said lot to one George Schuwirth, who has improved the same and who began to use said partition wall at that time, has been ever since, and is still using the same as vendee of defendant, and thereby rendered it out of his (defendant's) power to use said wall himself, though he and his said vendee derived the full benefit thereof."

There is no need of considering the several assignments of error separately or the action of the court upon the demurrers apart from the conclusions of law. There is but one question presented and to be determined in our estimate of the record. Do the facts as alleged and proved show the liability of the appellant to pay for one-half of the cost or value of the partition wall erected by the appellee? The findings of the court are as follows:

"1. In 1875 plaintiff and defendant Nalle owned adjoining lots on Pecan Street, in the city of Austin, and in that year plaintiff built a partition wall upon the division line between said lots, as alleged in his petition, one-half on his and the other half on Nalle's lot, which wall was and is worth $1000.

"2. The wall was placed over on Nalle's lot by plaintiff on an understanding or agreement had between them that when Nalle used the wall he would do what was right about it in the way of compensating plaintiff, he (Nalle) then expecting to build a house on his lot. This understanding was had before the foundation was finished.

"3. In October, 1884, Nalle sold his lot to one Schuwirth, who knew the wall was over on his lot, and while he was still owing Nalle $1500 on the lot, Paggi made known to him his claim for building half the wall and he refused to pay for it, and Nalle has also refused to pay for it. In 1884, after his purchase, Schuwirth built a house upon the lot, using about thirty feet of the partition wall as one side of his house."

The conclusions of law are as follows: "On appeal from a former judgment in this case it was held on the same state of facts as above found that Schuwirth was not liable, and plaintiff has dismissed as to him.. As to the liability of defendant Nalle this court holds upon the facts, that as the plaintiff erected the partition wall upon the understanding that Nalle would do what was right about it when he used it, and as Nalle, after the completion of the wall, sold the lot and put it out of his power to use it and in the power of another to get the benefit of said wall without paying plaintiff for it, therefore Nalle is bound to pay plaintiff one-half its value, or the sum of $500, and as his liability rose when he sold the lot in 1884, this sum should draw interest at 8 per cent from January 1, 1885."

Appellant contends that upon the facts found by the court below it should have rendered judgment in his favor, because he says as it was optional with him to use the wall, and as he never built on the lot nor used the wall as contemplated by the agreement, the contingency in which he would become liable to make compensation for one-half of

the wall has not yet arisen. To this we can not accede, but on the contrary concur in the conclusions of the District Court. When the wall was erected, or rather being erected, Nalle agreed with Paggi to "do what was right about it in the way of compensating him" whenever the former should use the wall, and we think a use of the wall by appellant at some time was undoubtedly contemplated. Here, then, is an express agreement or promise to pay conditioned only upon the use of the wall by Nalle in any way. The wall was erected with his consent for at least his prospective benefit, and was placed as much on his land as on that of the appellee. His liability did not necessarily, as we think, depend upon the erection of a building by him on his own lot connected with the wall, although that undoubtedly would have been a use thereof. His vendee, however, has made such use of a part of the wall. By selling his lot to another, carrying with it the right to use the wall, or at least depriving himself of such right, the appellant effectually put it out of his power to build to the wall or use it in any other mode. By his own voluntary act he thus put it out of his power to make any direct use of the wall as originally contemplated, and therefore prevented the happening of the contingency in which he was to make compensation, even if we suppose that the sale of the lot was not a use of the wall. Where a party thus renders impossible the performance of the contract upon his own part, to the detriment of the other contracting party, there can be no doubt of his liability under the contract and that a right of action against him immediately accrues. Phillips v. Herndon, 78 Texas, 378; Dugan v. Anderson, 11 Am. Rep., 509. It would be unconscionable to allow one of the parties to a contract to receive the benefits thereof and then repudiate it with impunity. But we are further of the opinion that the sale of the lot by the appellant to Schuwirth, carrying with it one-half of the wall erected by the appellee at his own expense for the joint benefit of both lots, was a use of the wall by Nalle within the meaning of the contract, and thereby fixed his liability. It must be supposed that he was paid for his interest in the wall, or took that into consideration when he conveyed to Schuwirth. He had agreed to do "what was right" when he should use the wall. The right thing to do was to pay one-half of the value thereof to Paggi. This he did not do, though he has used the wall and reaped some of the benefits, as we must presume, of its erection. The wall having been built partly on Nalle's land with his consent, and thus made a part thereof to his benefit, with an expectation upon the part of Paggi that he would be compensated proportionately, a promise to do so upon the part of Nalle might be implied under the circumstances were there no express agreement to that effect, particularly as he not only got the benefit of the wall himself, as we have seen, but by the sale of the lot authorized Schuwirth to use the wall, and the latter has made the very use thereof which appellant contends was

originally contemplated. "Qui facit per alium, facit per se," quoted by the appellee, might well be applied.

We have carefully examined the facts and read with interest the brief and argument for appellant, but have been unable to discover any principle of law applicable to the case that would justify the conclusion that his liability to make compensation has never arisen. We are of the opinion that upon the plainest principles of justice and according to the authorities appellant would be liable to the appellee to the extent determined by the District Court either upon his express agreement or promise, or, if necessary to support the judgment below, upon such promise to pay as might be legally implied from the acts and understanding of the parties under the circumstances of the case. Richardson v. Tabey, 121 Mass., 457; Huck v. Flentye, 80 Ill., 258; Day v. Caton, 119 Mass., 513.

We conclude that the judgment ought to be affirmed.

*Affirmed.*

Adopted May 26, 1891.