Holz v. Hanson, 115 Wis. 236.

HOLZ, Appellant, vs. HANSON, Respondent.

*September 3 — September 23, 1902.*

*Contract: Consideration: Release from employment: Restraint of marriage: Pleading.*

1. In an action commenced in justice's court a complaint alleging that one W. was in the employ of plaintiff for a certain period of time; that defendant, desiring to marry said W., agreed to pay plaintiff thirty dollars to secure her release from said con-

tract of employment; and that on the faith of such agreement plaintiff released her from said contract — is *held*, on a demurrer *ore tenus*, to show a valid agreement upon sufficient consideration, although greater definiteness in respect to W's obligation to remain in plaintiff's service might perhaps have been required upon motion.

2. The contract alleged was not void as being in restraint of marriage.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was commenced in justice's court. The plaintiff's complaint was as follows:

"That on or about the 30th day of June, 1900, one certain Celia Wessie was in the employ of the plaintiff for a certain period of time. That the defendant, desiring to marry the said Wessie, then and there agreed to and with the plaintiff to pay him the sum of thirty dollars for·a release of the said contract of employment of the said Celia Wessie. .That upon the faith and credit of the said agreement of the defendant this plaintiff then and there released the said Celia Wessie from said contract of employment, and she was thereafter married to the defendant. That the sum of thirty dollars became due and payable before the commencement of this action, no part of which has been paid. Wherefore plaintiff demands judgment against the defendant for the sum of thirty dollars, with interest, and costs of action."

The defendant's answer contained a general denial and allegations to the effect that the agreement was void and against public policy. The defendant appealed to the circuit court from a judgment in plaintiff's favor. When the case was there called for trial, the defendant objected to any evidence under the complaint on the ground that the complaint failed to state facts sufficient to constitute a cause of action. This objection was sustained, and a judgment dismissing the complaint and for costs to defendant was duly entered. The plaintiff has taken this appeal.

The cause was submitted for the appellant on the brief of *F. C. Weed,* and for the respondent on that of *A. M. Spencer.*

BARDEEN, J. The complaint is not as elaborate or definite in allegation as might have been required had the case been brought in circuit court. Though informal or indefinite, it must be held to be sufficient, if it states a cause of action so that a person of common understanding would have no difficulty in knowing what was intended. *Hall v. C., M. & St. P. R. Co.* 48 Wis. 317, 4 N. W. 325. Moreover, when the objection that the complaint does not state a cause of action is not taken until the trial, a greater latitude of presumption will be indulged to sustain it than when the objection is taken by demurrer. *Teetshorn v. Hull,* 30 Wis. 162; *Phillips v. Carver,* 99 Wis. 561, 75 N. W. 432. Testing this complaint in the light of the rules stated, we find no difficulty in arriving at the conclusion that the trial court was wrong in its ruling. It clearly appears therefrom that one Celia Wessie was in plaintiff's employ; that the defendant desired to secure her release therefrom, and was willing to pay plaintiff thirty dollars to procure such release. Upon the faith of a promise by defendant to pay said sum the plaintiff granted such release. This makes a complete cause of action. The defendant argues that it is nowhere disclosed that Celia was under any obligation to remain in plaintiff's service. But that does not quite meet the situation. The allegation is that she was in plaintiff's employ. The inference arises that he had some claim to her service. This inference becomes stronger in view of the further allegation that plaintiff released Celia from her contract of employment in consideration of defendant's promise to pay. If defendant desired greater particularity of statement in this regard, he should have required the complaint to be made more definite. If plaintiff released his claim to the woman's service, this is such a consideration as would support defendant's promise to pay. Whether such consideration was adequate in point of value we need not inquire. The law does not usually weigh the *quantum* of consideration, but allows the parties to be the sole judges of the benefits to be de-

rived from their bargains. 6 Am. & Eng. Ency. of Law (2d ed.) 694. Neither is it a matter of any importance that we should inquire what inducement led defendant to make the promise. His relations with Celia may have been so tender and intimate that money was no object to him. The contemplated marriage of the two had nothing to do with the cause of action stated in the complaint. The true consideration for such promise was plaintiff's release of the contract of employment. Such consideration appearing by reasonable inference from the whole complaint, the court should have taken the testimony and overruled defendant's objection.

The suggestion that the contract alleged was void as being in restraint of marriage is worthy of no discussion. It is sufficient to say that there is nothing in the complaint to warrant any such inference.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.