HURFORD V. SMITH.

No. 101.    Opinion Filed July 13, 1909.

(103 Pac. 851.)

1.  **PARTY WALLS—Contract—Consideration.** The release by an
    obligee in a party wall contract of his claim against the obli-
    gor for contribution upon the obligor's using the wall is suf-
    ficient consideration to support the contract of a third person to
    pay for a half interest in the wall when he or his successors
    take possession of or join to the wall.

2.  **PARTY WALLS—Contract—Time of Maturity.** H., the owner
    of a lot, agreed to pay the owner of an adjoining lot for a one-
    half interest in a wall built upon the line between said lots
    when H. or his "successors took possession of or joined to"
    the wall. Held, that H.'s obligation to pay for half of said
    wall matured only when he or his successors used the wall.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; B. F. Burwell,
Judge.*

Action by J. F. Smith against J. R. Hurford. Judgment for
plaintiff. Defendant brings error. Reversed.

*W. T. Williams,* for plaintiff in error, citing: *Scott v. Mc-
Millan,* 76 N. Y. 141; *Orman v. Day,* 5 Fla. 385; *Huck v. Flintye,*
20 Ill. 258; *McCord v. Herrick,* 18 Ill. App. 423; *Cole v. Hughes,*
54 N. Y. 444; *Bisquay v. Jennelot,* 44 Am. Dec. 483; *Preiss v.
Parker,* 67 Ala. 500; *McEwan v. Nelson,* 40 Ill. App. 272; *Zein-
inger v. Schmizler,* 40 Kan. 63; *Richardson v. Tobey,* 121 Mass.
457; *Kingsland v. Tucker,* 115 N. Y. 574.

*Pendleton, Abernathy & Howell,* for defendant in error cit-
ing: *Nolan v. Bull* (Ore.) 33 Pac. 983; *Nunez v. Dantel* (U. S.)
19 Wall. 560; *Smith v. Jenkins,* 41 Fed. 101; 7 Cyc., pp. 845-6-7,
and notes; *Sherley v. Burns* (Ky.) 58 S. W. 691; *Nalle v. Paggi*
(Tex.) 16 S. W. 932.

HAYES, J.    This is an action on a party wall contract,
brought by defendant in error, J. F. Smith, plaintiff, below, against

plaintiff in error, J. R. Hurford, defendant below. Although the contract is very similar in its form to a promissory note, it is not, strictly speaking, a promissory note; but the parties have designated it as a note, and we shall refer to it as such. In the year 1901 the firm of Beasley & Smith, of which plaintiff was a member, was the owner of lot 27, in block 24, in the city of Shawnee, and at that time the firm of Harris & Robbins was the owner of lot 28, in the same block, lying just north of and adjacent to lot 27. Beasley & Smith, during the fall of 1901, built on their lot 27 a brick building. In constructing the building they built the wall next to lot 28 on the line between said lot and lot 27, placing one half of the width of the wall on said lot 28 and the other half on lot 27. Harris & Robbins entered into a contract with Beasley & Smith whereby they, in terms very similar to the terms of the contract hereinafter set out, agreed to pay Beasley & Smith at the time therein stipulated for a one-half interest in the wall.

In 1902 defendant bought from Harris & Robbins the lot No. 28, and at or about the time of the purchase he executed and delivered to Beasley & Smith the following note:

"$233.75. Shawnee, Okla., April 26, 1902. I hereby agree and promise to pay Beasley & Smith, at Shawnee, O. T., the sum of two hundred and thirty-three and 75/100 dollars, for one-half of brick wall, 16 feet high and 90 feet long, situated on line of lots Nos. 27 and 28, facing Beard street, in Shawnee, O. T. This note becomes due and payable when I or my successors take possession of or join to the above-described wall, and, if not paid at maturity, I agree to pay 10 per cent. interest until paid. J. R. Hurford."

This note was executed to Beasley & Smith in lieu of the note theretofore executed to them by Harris & Robbins in payment for their interest in the wall, and the note executed by them was taken up by the note or contract sued upon in this action. Defendant afterwards sold the lot to one Wallace Gillham, who, on October 22, 1903, by letter, informed Beasley & Smith that he

had taken possession of the north half of the wall situated on the line between lots 27 and 28. Demand was thereupon made by Beasley & Smith of defendant that he pay the note, which defendant refused to do. Afterwards, upon dissolution of the partnership of Beasley & Smith, plaintiff, Smith, became the exclusive owner of this note or contract, and is now the sole owner of the same.

The trial in the lower court resulted in judgment for plaintiff for the amount of the note. Defendant seeks by this proceeding to reverse the judgment of the trial court upon two contentions only: First, that the note sued upon was executed without consideration; and, second, that the suit is prematurely brought, for the reason that the note or contract under its terms has not yet matured.

Defendant's first contention is without merit. While the negotiations were pending between him and Harris & Robbins for the purchase by him of lot 28, he was informed by Beasley & Smith that they held a note against Harris & Robbins for a half interest in the wall, and that until said note was paid they held the partnership wall. When defendant purchased, an arrangement was made by him with Beasley & Smith whereby he executed the note in controversy, and the note or contract given by Harris & Robbins to Beasley & Smith was taken up, and they were released from obligation thereunder. This alone constitutes sufficient consideration to support this contract. The satisfaction of indebtedness to a payee, or the release by an obligee of a person who is an obligor in a contract, is sufficient consideration to support a note or new contract by a third person. *Holm v. Sandberg,* 32 Minn. 427, 21 N. W. 416; *Carpenter v. Murphree & Jones,* 49 Ala. 84; *Meyers v. Van Wagoner et al.,* 56 Mo. 115; *Bainard v. Capelle,* 31 Mo. 429. Under the contract from Harris & Robbins to Beasley & Smith, Harris & Robbins was obligated upon certain contingencies to pay Beasley & Smith for one-half the wall. When defendant executed his contract in consideration thereof, Beasley & Smith released their claim against Harris &

Robbins. Defendant cannot now say that he received no benefit from the contract and that it is without consideration. *Corbett v. Cochran,* 3 Hill (S. C.) 41, 30 Am. Dec. 348; *Riddle v. Hanna,* 25 Ala. 484; *Logan v. Lee,* 10 Ark. 585; *Holz v. Hanson,* 115 Wis. 236, 91 N. W. 663.

The merit of defendant's second contention depends upon the intention of the parties by providing in the instrument sued upon that the same should become due and payable when the maker thereof, defendant herein, or his successors, took possession of or joined to the party wall. In order to arrive at the intention of the parties by the language used in the instrument, it is necessary to read the same in the light of the circumstances surrounding the transaction. When the wall was built by Beasley & Smith on the line of lots 27 and 28, Harris & Robbins then had upon lot 28 a frame building. Beasley & Smith desired to make the wall next the lot of Harris & Robbins a party wall, and they obtained from Harris & Robbins permission to construct the wall equally in width upon lots 27 and 28, and Harris & Robbins contracted to pay for a half interest in the wall upon certain contingencies. This contract is not set out in the record, nor does the evidence fully disclose its contents; but there is evidence to the effect that by that contract Harris & Robbins agreed to pay the sum of $233.75 for a half interest in the wall when they used the wall. Nothing in connection with the transaction between Harris & Robbins and Beasley & Smith indicated that it was within the contemplation of the parties that Harris & Robbins should build upon lot 28 at any time in the near future, or that any such contemplation entered into the inducement to Beasley & Smith to build the wall partly upon their lot and partly upon the lot of Harris & Robbins. When Harris & Robbins sold the lot to defendant, either at or about the time of the sale, the instrument sued upon was executed and delivered by defendant to Beasley & Smith as a consideration for a release of Harris & Robbins upon their contract. It is provided in the note that it shall be-

come due and payable when the maker or his successors shall "take possession of or join to" the wall.

The intention of the parties, we think, in using the language "take possession of or join to the wall," was to provide that the note should become ·due and payable when the maker thereof, or his successors, used the wall, either by joining thereto or exercising other control over the same to the extent of converting it to some use to them, and it was not their intention to provide that the note should become due when defendant transferred the property; for, if such had been their intention, language appropriate for the expression of such intention ·could have easily been employed, and the word "successor" in this clause of the contract would have been omitted. The wall has never been used by defendant or by his successors. The improvements on lot 28 now stand ·as they · stood when the wall was constructed. Defendant has conveyed the lot, as previously stated, to one Gillham, and plaintiff has introduced· in evidence a letter from Gillham in which he states that he has taken possession of the wall; and this constitutes the only evidence in the record relied upon by plaintiff as showing that the event provided for in the contract to mature it has occurred. If this evidence were uncontroverted, it would be insufficient to show that Gillham has taken possession. All the evidence is to the effect that Gillham has done nothing towards joining onto the wall, or toward using it in any other respect; and the letter introduced and relied upon as showing that he has taken possession would be ineffectual for that purpose, in the absence of any other proof, even though Gillham had done some act which would constitute a use of the wall by him. The letter, at most, is only evidence of notice to plaintiff that Gillham has done whatever in fact he has· done. The mere statement of Gillham in the letter that he has taken possession is not evidence of such fact. It is only evidence of notice to plaintiff of such fact, if it exists.

Plaintiff insists that, because the time of payment of the obligation is indefinite, it becomes due in a reasonable time, and,

further, that since the fact which determines its maturity is within the control of the obligor, the sale by him of the lot would mature it; and in support of this contention he cites *Sherley v. Burns,* 58 S. W. 691, 22 Ky. Law Rep. 788, and *Nalle v. Paggi,* 81 Tex. 201, 16 S. W. 932, 13 L. R. A. 50. The difference between the facts of these cases and the facts in the case at bar in our opinion renders them inapplicable. In *Nalle v. Paggi* plaintiff erected a party wall between himself and defendant under an agreement that defendant "would do what is right about it when he desired to use the wall." Defendant sold his lot without ever using the wall. His vendee, however, immediately built upon the lot and used the wall. The court held that, although defendant had not used the wall, in the sense of building thereto, by having conveyed the lot, he had rendered it impossible for him to use it in that sense, but that he had derived a benefit from it by conveying to the grantee his right to use it, and that, the grantee having used it, defendant was liable on his contract. In that case there is absent from the contract any agreement that the payment shall be made when the "defendant or his successor" shall use the wall, as occurs in the contract in the case at bar, and a further difference that his successor had in fact used the wall.

In *Sherley v. Burns* plaintiff and defendant owned adjoining lots, upon which each had a building. At her special instance and request, and upon the agreement of defendant to repay plaintiff, when she erected a new building, one-half the cost of the party wall, plaintiff built upon the line between the lots a new party wall. Plaintiff brought suit upon this agreement, and alleged that he had waited more than a reasonable length of time for defendant to build a new building, and that defendant had refused to pay for her interest in the wall. Defendant had built a new front to her old building on the lot, and the court, in holding defendant liable, stated that, if the building of a new front to her house was not the building of a new house within the meaning of the contract, it was such a circumstance, connected with the other matters surrounding the transaction, as showed that it was

Hurford v. Smith.

their intention that she should build within a reasonable time, and the fact that she had in part reconstructed her old building determined that a reasonable time had elapsed. These facts and circumstances are wholly unlike the facts and circumstances in the case at bar.

The very fact that it has been provided in the contract that it should mature only when the maker or his successors should take possession of the wall, or join thereto, shows clearly that it was within their contemplation that the maker of the note might not want to use the wall at an early date, and probably would not use it while he was the owner of the lot, and that he did not thereby desire to become obligated to pay for the wall upon the transfer of the property, and that it was their intention that his obligation should mature only when the wall was used by him or by his successors, whether they be heirs or grantees. If this was not the intention of the parties, why was the word "successors" used in the contract? Any other construction given to it would render this word meaningless. This contingency has never transpired, and we are therefore of the opinion that the instrument sued upon, at the time of the institution of this suit, had not matured, and this action, for that reason, cannot be maintained.

The judgment of the trial court is reversed.

All the Justices concur.