70 COURT OF COMMON PLEAS.

McGuire v. The New York Central and Hudson River Railroad Company.

ANDREW McGUIRE *against* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

(Decided April 5th, 1875.)

In an action against a railroad company for negligence, the defendant by its attorney, as a condition of obtaining a postponement, stipulated that in case of the death of the plaintiff at any time before verdict, neither the cause of action nor the action should abate. *Held*, that the stipulation was one that could lawfully be made by the defendant, and would be enforced, and the plaintiff having died before verdict, the court ordered the action to be continued in the name of the executor of the plaintiff, without prejudice to the proceedings already had.

APPEAL by defendant from an order of this court made at a special term thereof, by Hon. HAMILTON W. ROBINSON, substituting as plaintiff in the action, in the place of Andrew McGuire, Thomas McGuire, as executor of the last will and testament of Andrew McGuire, and continuing the action in the name of such executor without prejudice to the proceedings already had in the action.

The facts are stated in the opinion.

*John E. Burrill*, for appellant.

*Albert Cardozo*, for respondent.

JOSEPH F. DALY, J.—Andrew McGuire brought this action to recover damages for injuries sustained by him through the alleged negligence of defendant's servants, he having been knocked down by a locomotive at the corner of 4th avenue and 49th street, in the city of New York. Issue was joined and the cause was called on for trial on the 9th day of June, 1874. The defendant applied for a postponement of the trial until the 18th day of June, 1874, which was granted upon their executing the following stipulation in open court: " It is stipulated on the part of the defendant, as a condition of the post-

ponement of the trial of this action, on their application, until the 18th day of June, instant; that in case of the death of the plaintiff at any time before that time, or before verdict rendered on such trial, the cause of action and the action shall not, nor shall either, abate by such death; and notwithstanding such death, the deposition of the plaintiff heretofore taken, to be read in like manner as if the plaintiff were still living but unable to attend the trial. Deposition of Dr. Brooks, a witness for plaintiff, to be taken *de bene esse* to-day, if plaintiff's attorney so elect. Dated June 9th, 1874. F. Loomis, defendant's attorney." The plaintiff died two days afterward, viz.: on June 11th, 1874. The cause was brought to trial on June 22d, 1874, and the jury disagreed. On October 19th, 1874, an order was made on motion of plaintiff's attorney, that the name of Thomas McGuire, as executor of the last will and testament of Andrew McGuire, be substituted instead of Andrew McGuire, as plaintiff in this action, and that the action as and in respect to the cause of action in favor of said Andrew McGuire, set forth in the complaint, be continued in the name of Thomas McGuire as such executor. From this order defendant appeals.

The defendant received the benefit of the stipulation by obtaining the postponement they desired, and in justice and fair dealing they should be held to their agreement if it be lawful to enforce it against them. In civil actions, a party may waive any of his rights or his remedies; for example, his right of appeal may be stipulated away (*Townsend* v. *Masterson*, 15 N. Y. 587), and so may his right to a jury trial. The citizen of one State sued in the State courts of another State, may waive his right in that particular case, to remove the cause into the courts of the United States, although he cannot, by a general agreement beforehand, waive such a right in all cases where he may be subsequently sued (*Home Ins. Co.* v. *Morse*, 10 Alb. Law J. 377). It is contended, however, by defendant, that this is no waiver of a right or a remedy, but is a stipulation to change a rule of law. Without the stipulation in question, this action, being for personal injuries, and the complaint containing no averment of special damage to the estate of deceased, would have abated on plaintiff's death, and the continuance of the ac-

tion in the name of the executor would be improper, no such allegation of special damage to the estate being stated on the record (2 M. & S. 415, 416; 2 H. L. Cases, 579, 596, 624; 2 B. & B. 104; Add. on Torts, tit. Abatement). The effect and benefit of a rule of law may be stipulated away by a party. Where a debtor stipulated that if his creditor would sue upon a part of his demand, and if he recovered thereon, the balance should be paid, the Court of Appeals affirmed the judgment in an action brought for the balance, holding that the rule of law as to splitting causes of action was designed for the benefit of the debtor, and he might waive it if he chose (*Mills* v. *Garrison*, 3 Keyes, 40). I have found no case presenting features identical with the present, but *Garlington* v. *Clutton* (1 Call, 520), is clearly in point. Clutton brought his action of assumpsit against Garlington; there was plea of non-assumpsit and issue; the cause was tried and a verdict for plaintiff; an appeal was taken, and pending the appeal the court " ordered, by consent of parties, by their attorneys, that the suit should not abate by the death of either party, and for reasons appearing to the court, the cause was continued until next term." At the subsequent term the appeal was argued and the judgment reversed and a new trial ordered. On the second trial there was a verdict and judgment for plaintiff. The defendant obtained a writ of error and assigned error that the plaintiff had died before verdict. Plaintiff demurred, setting up the stipulation. It was held by the court (Supreme Court of Virginia, 1799), that the judgment should be affirmed; that where the parties agree that the suit shall not abate by the death of the plaintiff or defendant, the whole court were of opinion that the agreement is binding on them, and being entered of record, operates like a release of errors; and that thereafter the point might be considered as settled. Call, of counsel for plaintiff, stated that " such an agreement as that stated in the record appears sometimes in the English books, and is frequently practiced in this country. It is usual even in actions of tort;" but neither he nor the court cites authority for the decision.

That case and the one at bar are alike in that a stipulation was made to change the rule of law for the particular case, for

at common law all action abated by the death of the party, and it is only by force of statute they may be continued or revived in the name of the personal representatives of the deceased (6 Wheat. 260). Under our statute as to revivor, the action of *Garlington* v. *Clutton* would have survived and the personal representatives might have maintained a new action upon it, but in this case the cause of action would have died with the plaintiff, and the personal representatives under the statute (L. 1847, ch. 450; L. 1849, ch. 256) would have had a new and independent cause of action, if the death were caused by the original act of defendant which found the basis of the suit begun by deceased in his lifetime (*Finn* v. *Perkins*, 32 Law Jour. [Q. B.] 10).

But our concern is not with the cause of action so much as with the operation of the rule of law and its assumed suspension by the stipulation. In the report of *Garlington* v. *Clutton*, Call is reported as stating that "the only way of giving effect to the agreement is by refusing to let the party object the death. For, if he be permitted to allege it, or if process is required to revive it, either of them defeats the agreement, because you cannot obtain the process without suggesting the death, and that, *ipso facto*, abates the suit." But the court plainly puts its decision upon no such ground, nor could it, for the demurrer to the writ of error, and the setting up of the stipulation admitted the death.

It was necessary to continue the action in the name of the executor, since the cause could not proceed without a plaintiff; the suggestion of plaintiff's death for the purpose of obtaining the order appealed from, is accompanied by the proof of and filing the stipulation that the action shall not abate.

Upon the authorities I am in favor of affirming the order, with costs.

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.