[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 416 
We should be sorry to find that there is any rule of law which prevents our giving effect to the stipulation made by the counsel for the defendant on his application to postpone the trial at the Circuit held in February, 1872. The cause was then at issue, and was ready for trial on the part of the plaintiff's testator, who was then living, but was in *Page 418 
feeble health; and the stipulation was tendered by the defendant's counsel, at the suggestion of the counsel for the plaintiff, and was given, as the case admits, as a condition for putting the cause over the Circuit, and was presented to the court with the application to postpone the trial, which was granted. The giving of the stipulation, under these circumstances, must be regarded as a compliance by the defendant's counsel with a condition imposed by the court upon granting the postponement. It cannot be supposed that it would have been given unless required, or that it was not an essential consideration with the court in granting the motion.
The stipulation was to the effect that the cause of action should not abate in case of the death of the plaintiff before final judgment should be rendered in the action; and that any verdict thereon should be regarded as if rendered in his lifetime; and that in case of his death before the final determination of the action, his personal representatives might be substituted as plaintiffs upon filing the stipulation. The force of the stipulation was not spent when the first verdict and judgment was rendered. There are no words of limitation, and the contingency contemplated was the death of the plaintiff before the action should be finally determined. If the case had been tried at the February Circuit, and the plaintiff had then obtained a verdict, and it had been subsequently set aside, we cannot say that a new trial might not have been had, and another verdict and judgment obtained in his lifetime. The stipulation, by fair intendment and construction, was to continue in force until final judgment in the cause, although mean while a verdict and judgment should be rendered in the plaintiff's favor, and be set aside. (Doe v. Bird, 7 C. P., 6.)
It is claimed by the defendant that, conceding that the stipulation by its terms applies to the case, it was not one which the defendant's counsel had power to make. It was admitted, on the trial, that the counsel who signed it had the same authority as the attorney of record, but it is denied that the attorney in the cause could, under his general *Page 419 
retainer, bind his client by a stipulation that a cause of action which, under the general rule of law, abates on the death of the plaintiff, should, nevertheless, survive, or that the action might be continued after his death. The application to put the cause over the Circuit was within the general authority of the attorney, and it must be assumed that it was made in this case in the interest of the defendant. When the court required the stipulation to be given as a condition of granting the application, the counsel for the defendant had the alternative of proceeding with the trial or of complying with the condition. The corporation could only be present by its agents, and the counsel was necessarily called upon to decide which of the two courses open to him he would adopt. It must, I think, be true, as a general rule, that whatever conditions the court, in the progress of an action, may lawfully impose in granting an application made in the usual course of the litigation in behalf of one of the parties, the attorney by whom the application is made may, to secure the advantage sought, consent to them, and bind his client thereby. It pertains to the procedure in the action, and it is a just implication that the authority of the attorney extends to the management of the cause in all the exigencies which arise during its progress. The attorney cannot compromise the claim of his client, or release the cause of action, or satisfy a judgment in his client's favor without payment, in the absence of special authority. (Beers v. Hendrickson, 45 N.Y., 665; Barrett v.Third Ave. R.R. Co., id., 628.) There is no implication of an authority to do acts of this character from his appointment as attorney in the case; and a party dealing with him is bound to take notice that they are not within the scope of his authority. But in matters relating to the conduct of the cause his authority is very broad. (Denton v. Noyes, 6 J.R., 295; Gaillard v.Smart, 6 Cow., 385; Gorham v. Gale, 7 id., 739; Corning
v. Southland, 3 Hill, 552; Gainsford v. Grammar, 2 Camp., 9.)
When the stipulation in question was given, there was an existing cause of action, but it was subject to the contingency *Page 420 
that it would be defeated by the death of the plaintiff before trial. The stipulation was designed to save it in case the contingency happened. We are of opinion that, under the circumstances, the defendant's counsel was authorized to make it, and that it is binding upon the defendant, and may be enforced, provided the court could lawfully exact it as a condition of postponing the trial.
In Ames v. Webbers (10 Wend., 576), which was an action in tort for an escape, the court, in putting off the trial of the cause on the application of the defendant, on account of the absence of a material witness, required the defendant's counsel to stipulate, as a condition of granting the application, that the action should not abate if the defendant should die before the next Circuit, it appearing that he was then afflicted with a mortal malady. After the defendant's death, his representatives, as we infer, made a motion to be relieved from the stipulation, which was denied, NELSON, J., saying that the stipulation was correctly imposed. The suit proceeded to judgment against the deceased defendant (10 Wend., 624), and a writ of error brought thereon by his executors was quashed. (11 id., 186.) InGriffith v. Williams (1 Cromp. Jer., 47), which was an action for breach of promise of marriage, the plaintiff had a verdict, and after a rule for a new trial was obtained the plaintiff died, and it was urged that the setting aside of the verdict would defeat justice, as no new trial could be had. But the court said that they had no difficulty on this ground, as they could impose the terms of the verdict (on the new trial), being entered as of the as sizes, when the case was first tried, or of the defendant's undertaking not to assign error. And inPalmer v. Cohen (2 B. Ad., 966), where the plaintiff, who had recovered a verdict in an action, which was for libel, died, and judgment was entered therein after his death, on motion to set the judgment aside, the defendant's counsel, on the argument of the motion, and in answer to a suggestion on the other side, said that the court could impose such terms as will enable the parties to go to another trial, if necessary; and Lord TENTERDEN, C.J., said: *Page 421 
"It might be done in an action of this kind as well as in a mere action of debt."
These cases, we think, sufficiently establish the power of the court to annex the condition imposed in this case, and to make it effectual by allowing the case to proceed, after the death of the plaintiff, in his name, taking of notice of that fact. The right of action, by the general rule of law, died with the person. The defendant, however, by express stipulation to prevent an immediate trial, agreed, in the presence of the court, that the plaintiff's death before final judgment should not operate to extinguish the claim, and the court proceeded upon it in granting the postponement. There is a maxim in the law, of extensive application: Modus et convention vincunt legem. It is subject, however, to the restriction that the court will not enforce an agreement of parties contrary to express statute, or in contravention of public policy. (Broom's Leg. Max., 620;22 N.Y., 249.) But the doctrine that a cause of action, ex delicto, does not survive, and that an action of that character abates on the death of the plaintiff, has been greatly changed, and its original rigor essentially modified by statute; and it cannot be said to have its foundation in natural right, nor can it now be regarded as resting upon considerations of public policy. In this State it has been very much relaxed, and the recent statute which gives a right of action to the personal representatives of a deceased person whose death was caused by the negligence of another, shows the tendency of modern legislation upon the subject.
If the plaintiffs had proceeded with the action in the name of their testator after his death, and obtained judgment, the court would, I think, in view of the stipulation, have refused to set aside the judgment at the instance of the defendant. Is it an insuperable objection to the judgment here that the executors of the original plaintiff became parties to the record, and that objection was taken on the trial that the cause of action did not survive? I think not; and that the stipulation is a sufficient answer in this case, also. We are *Page 422 
not called upon to consider or decide whether a bare agreement of parties, not made in a pending litigation, or with the sanction of the court, that an existing cause of action which abates on the death of one of the parties shall survive, can be enforced.
The General Term reversed the judgment on the ground that the action abated, and denied a new trial. There were other grounds upon which a new trial was claimed. The damages were alleged to be excessive, and there were exceptions taken by the defendant to rulings on the trial. These questions have not been passed upon, and we think the proper disposition of the case would be to reverse the judgment of the General Term, and remit the cause to that court for the consideration of the other questions in the case.
All concur; ALLEN, J., not voting.
Judgment reversed, and cause remitted to General Term.