WILLIAM O. ROBERTS, APPELLANT, *v.* THOMAS MARSEN AND JOHN MARSEN, AS ADMINISTRATORS, ETC., OF EDWARD T. MARSEN, DECEASED, RESPONDENTS.

*Abatement of action of replevin by death of sole defendant — what acts debar the plaintiff from applying for leave to discontinue the action on account of such death.*

When, after the death of a sole defendant in an action of replevin, his administrator has, by an order entered upon the written stipulation of the parties, been substituted in his place, and the parties have thereafter voluntarily appeared before the court and proceeded with the trial, it is too late for the plaintiff to apply for leave to discontinue the action on the ground that it abated by the death of the defendant.

*Semble,* that under the Revised Statutes and Code of Civil Procedure an action of replevin does not abate upon the death of a sole defendant.

APPEAL from a judgment in favor of the defendant entered upon an order of the County Court of Oneida county dismissing the complaint, and also from an order of the said court denying an application made by the plaintiff for leave to discontinue the action.

This action was originally commenced against Edward T. Marsen, before a justice of the peace of Oneida county, on a claim for the delivery of personal property which was taken by the constable and delivered to the plaintiff. The defendant interposed an answer entitling him to a return of the property. On the trial before the justice the plaintiff obtained a judgment on the 18th day of December, 1877, from which the defendant appealed to the County Court of Oneida county. In February, 1878, the cause was tried in the County Court and the plaintiff had a verdict for the possession of the property on which judgment was entered, and Edward T. Marsen appealed to this court on case and exceptions from the order of the County Court denying a new trial and from the judgment. On the 18th day of September, 1878, Edward T. Marsen died, and on the 7th day of October, 1878, William Marsen, administrator of his estate, was, by an order of this court entered upon a written stipulation of the attorneys for the parties, substituted as defendant. The case was submitted in this court at the January term, 1879, and in April, 1879, the judgment and order of the County Court were

reversed and a new trial ordered in that court, with costs to abide the event. Before the decision, and on the 24th day of January, 1879, William Marsen, the then defendant, died, and on the 5th day of February, 1879, John and Thomas Marsen were appointed administrators *de bonis non* of Edward T. Marsen, deceased, and by an order entered in the County Court on the 1st day of July, 1879, on the stipulation of the attorneys of the parties, John and Thomas, as such administrators, were duly substituted as defendants in the action. The cause was afterwards noticed for trial by both parties in the County Court for the 23d day of September, 1879, at which time the parties proceeded to the trial, and at the close of plaintiff's evidence a motion was made by defendants' counsel for a nonsuit, when, by an arrangement of the counsel for both parties, the jury was discharged and an order was made that the question reserved in the case be heard before the judge at his chambers on five days' notice, with leave to the plaintiff at same time to move to discontinue the action, on the ground that the same had abated by reason of the death of the original defendant, Edward T. Marsen. Both these questions were presented to the County Court and a nonsuit was granted in the action, and the motion to discontinue was denied, with ten dollars costs to be paid by plaintiff. Plaintiff was present and took part in the last trial in the County Court, and appealed to this court from the order denying leave to discontinue the action, which appeal was dismissed at the June Term, 1880. Thereupon judgment was entered on the nonsuit, in the County Court, in favor of defendants, for the possession of the property, with damages and costs, and the plaintiff now appeals from such judgment and also from the order denying the motion to discontinue the action on the ground that the same abated on the death of Edward T. Marsen.

*R. O. Jones*, for the appellant.

*S. J. Barrows*, for the respondents.

RUMSEY, J.:

From the foregoing statement of the case, it is apparent that all the proceedings thus far had in the action, whether regular or

irregular, have been had with the full assent, and practically on the motion of the plaintiff, who now, after being finally defeated in this long contested litigation, for the first time asks to have the action dismissed, because, as he insists, it abated by the death of Edward T. Marsen, the original defendant, in January, 1878. If the proceedings of the court in the action, subsequent to the death of Edward T. Marsen, are entirely without jurisdiction, they are void, and this appeal must be sustained, otherwise not.

The rule that personal actions die with the person, applies only to actions affecting the person of the parties, as assault and battery, slander, false inprisonment, while all actions affecting the estate of parties are expressly saved from abatement and are reserved to their representatives. (2 R. S., 447, §§ 1 and 2; *Haight* v. *Hayt*, 19 N. Y., 474.) The action does not abate *in any event* if the cause of action survive (Code Civ. Proc., § 755), which is but a re-enactment of the 121st section of the old Code. This action clearly affects the estates of both the plaintiff and of defendants' intestate, for under the proceedings in it the plaintiff has obtained possession from the defendants' intestate, of the property described in the complaint, and the result of the action shows the defendants are entitled to have it returned to them as part of the estate to be administered by them. It was held in the case of *Webbers' Executors* v. *Underhill* (19 Wend., 447), that at common law the action of replevin abated in case of the death of a sole defendant; and apparently without examining into the effect of the provision of the Revised Statutes above cited, the court held that the statute authorizing the writ of *scire facias*, by which only actions could then be revived, extended only to cases before then known to the law, and therefore did not warrant a revival of that action by that means. *Burkle* v. *Luce* (1 Comst., 163) is the case of the death of a sole plaintiff in replevin, and does not bear upon the case under consideration; but the proposition is also stated there that it could not be revived by *scire facias*, and probably for the same reason given in the 19th Wend., 447. Both these cases were decided before either of the Codes was adopted; and in view of the provisions of section one of the Revised Statutes before cited, which saves to the representatives of a party all actions for wrongs done to the property, rights and interests of such party, and of section two,

excepting from section one only causes of action peculiar to the person alone, it would seem that the action of replevin is saved from abatement in case of the death of a sole defendant.   If it was necessary for the determination of this appeal to decide the question, we should hesitate long before holding that the death of Edward T. Marsen caused the abatement of the action.

The County Court had jurisdiction of the subject-matter of the action, and all the parties to the action were properly before it on the appeal from the Justice's Court, and when all parties who are to be affected by its proceedings voluntarily submit their rights to its decision, as they did in this case by their stipulations written and filed with the court on two distinct occasions, neither should be allowed to question its action at this late stage of the proceedings except for substantial errors aside from the question of jurisdiction over the person of the defendant.   The Court of Appeals practically hold in *Cox* v. *New York Central and Hudson River Railroad Company* (63 N. Y., 414), that jurisdiction of the person in an action for injury to the person may by stipulation be conferred upon the court so as to save the action from abatement by the death of a party.   (See, also, *Arthur* v. *Griswold et al.*, 60 N. Y., 143.)   It would be unfair to allow the plaintiff to avail himself of the objection he now makes unless compelled to do so by some unbending rule of law, and none such exists in this case.

The judgment and order appealed from must be affirmed, with costs.

TALCOTT, P. J., and HARDIN, J., concur.

Judgment and order appealed from affirmed, with costs of appeal.