## IN THE MATTER OF CARLISLE NORWOOD, RECEIVER OF THE LORILLARD INSURANCE COMPANY.

### (CLAIM OF SAMUEL JONES.)

*An action against a corporation is abated by its dissolution — its attorneys have no power thereafter to act for it — a judgment rendered against it in another State after its dissolution is not protected by section 1 of article 4 of the United States Constitution.*

In October, 1871, the Lorillard Fire Insurance Company was dissolved and one Norwood was appointed its receiver. In March, 1873, a judgment was rendered against the company, in an action brought against it in the State of New Jersey by the claimant prior to, and continued against it after, its dissolution. The receiver was not made a party to the action. The judgment was entered

in pursuance of a stipulation, signed after the dissolution of the company by the attorneys who had appeared for it, by which the decision of this action was made to abide the event of another action brought upon another policy of insurance for the recovery of damages occasioned by the same loss.

*Held*, that the action against the company abated by its dissolution, and that no judgment could thereafter be entered against it.

*McCulloch* v. *Norwood* (58 N. Y., 563) followed.

That as the power of the attorneys of the company to act for it ended upon its dissolution, the stipulation signed by them did not authorize the entry of the judgment.

That the dissolution of the company divested the court in New Jersey of jurisdiction over it, and the judgment thereafter entered there was not within the provisions of the United States Constitution declaring that full faith and credit should be given in each State to the records and judicial proceedings of every other State,

APPEAL by Samuel Jones from an order made at a Special Term, denying a motion made in his behalf to have a claim admitted and paid, so far as that could be done, by funds in the hands of the receiver.

*Lucien McAdam*, for the appellant, Samuel Jones.

*Carlisle Norwood, Jr.*, for the receiver, respondent.

DANIELS, J. :

The receiver was first appointed on the 17th of October, 1871, and that appointment was continued by a judgment recovered on or about the twenty-fourth of October the same year, by which judgment the corporation was wholly dissolved.

The applicant's claim depended upon a judgment recovered by him in the Supreme Court of the State of New Jersey, on the 11th of March, 1873, in an action brought by him against the insurance company itself. The receiver was not made a party to this action, but it continued in form against the corporation after the time it was dissolved by a judgment of this court. The judgment so recovered by the applicant was inoperative under the authority of *McCulloch* v. *Norwood* (58 N. Y., 563), which, in general terms, held that an action against a corporation abated with its dissolution, where no statutory authority at the time existed for its subsequent continuance. It is true that in the authority referred to, notice of the appointment of the receiver and the dissolution of the corpora-

tion was brought to the attention of the court in the State of Ohio in which the action was pending. But the judgment afterwards there recovered was not held to be inoperative because of these facts. But it was for the reason that upon the dissolution of the corporation all actions pending against it under the settled principles of the common law, from that time abated. That deprived the court of New Jersey of its authority to proceed to judgment in the action after the corporation against which the action had been brought, was in fact dissolved by the judgment of this court. After the corporation had been dissolved, and on the 8th of May, 1872, a stipulation was entered into by the attorneys in that and other similar suits to which the present applicant was a party, stipulating that his action against the Lorillard Fire Insurance Company should abide the event of another action brought upon another policy of insurance for damages occasioned by the same loss, and it was under that stipulation that judgment was finally in form recovered by the applicant. But as this stipulation was made after the Lorillard Fire Insurance Company had been dissolved by the judgment of this court, and neither of the attorneys making it had ever been employed or authorized to enter into it by or on behalf of the receiver, the stipulation was without authority. The power of the attorneys for the insurance company to act was terminated by its dissolution, and as the stipulation was entered into after that event had taken place and without any authority to make it on behalf of the receiver, it secured no right to the applicant for the recovery of this judgment. The cases of Cox v. New York Central Railroad Company (63 N. Y., 414); Roberts v. Marsen (23 Hun, 486); McGuire v. New York Central Railroad Company (6 Daly, 70), are therefore inapplicable to this controversy and do not tend to sustain the claim made by the petitioner.

Reliance has been placed upon a statute of the State of New Jersey which by its language authorizes an action pending against a corporation to proceed to judgment after its dissolution. But this section of the statute does not appear to have been in existence prior to the revision of the New Jersey laws in the year 1877, and consequently it could have no effect whatever upon the proceedings taken in the action prosecuted by the applicant. It has also been stated in the affidavit of the counsel

for the applicant that "he is advised by counselors at law of the State of New Jersey that such actions do not abate, but it may be continued to judgment against the corporation." This statement, however, in no manner aided the applicant in the way of supporting the claim made by him, for it did not tend to establish the fact, that at the time when this corporation was dissolved or the applicant's judgment was recovered, that this was the law of the State of New Jersey.

The judgment which was in form recovered against the insurance company after its dissolution was without the authority of law. The court in which it was recovered had at the time no jurisdiction over the defendant in the action, for the reason that it had ceased to exist. Such a judgment is not conclusive against any party, and it is not within the provision of the Federal Constitution declaring that full faith and credit shall be given in each State to the records and judicial proceedings of every other State. After the dissolution of the corporation, the power to proceed judicially against it in the action brought by the claimant was wholly divested, and what the court afterwards did in that respect was without jurisdiction. The judgment was a nullity, as a similar judgment was held to be which had been recovered in the State of Ohio in *McCulloch* v. *Norwood* (*supra*).

For these reasons, and those contained in the opinion of Mr. Justice LAWRENCE, the order from which the appeal has been taken was right, and it should be affirmed, with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.