HUNT v. HUNT.

(Supreme Court, Appellate Division, Second Department. January 17, 1913.)

1. ABATEMENT AND REVIVAL (§ 79*)—DEATH OF PARTY—STIPULATIONS.

After judgment for plaintiff in a divorce action, defendant moved to vacate the judgment on the ground of newly discovered evidence. A hearing of the motion was adjourned by a stipulation providing that defendant should not be prejudiced thereby as to any possible present or future rights in plaintiff's property, and that its status as regarded defendant should remain unchanged pending the determination of the motion. Before the motion was heard plaintiff died. On motion to revive the action and the motion to vacate against the executors and others interested under plaintiff's will, all of whom were nonresidents, they appeared specially and objected to the court's jurisdiction. *Held,* that the stipulation authorized the court to determine the motion to vacate notwithstanding its inability to substitute any one as plaintiff, but did not authorize a new motion against plaintiff's representatives, nor was such new motion necessary as the original motion would be decided as of the time when it would have been submitted except for the stipulation.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 496–498: Dec. Dig. § 79.*]

2. ATTORNEY AND CLIENT (§ 86*)—AUTHORITY—CONDUCT OF LITIGATION.

The attorney for plaintiff in a divorce action had authority to stipulate that an adjournment of the hearing of a motion to vacate a judgment for plaintiff should not prejudice defendant's rights, although plaintiff died before the motion was heard.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 155–160; Dec. Dig. § 86.*]

3. STIPULATIONS (§ 14*)—CONSTRUCTION—ABATEMENT OF DIVORCE SUIT.

Although a stipulation by plaintiff in a divorce action that the postponement of the hearing of defendant's motion to vacate the judgment should not prejudice defendant's rights in any way did not authorize a new motion after plaintiff's death against his representatives, the court on such motion had power to order that the stipulation and affidavits establishing it and proving plaintiff's death, the history of the motion, and such other papers as might be pertinent should be made a part of the proceedings in the original motion.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by John W. Hunt against Bessie H. Hunt. From an order (75 Misc. Rep. 209, 135 N. Y. Supp. 39) denying a motion to revive the action and a motion to vacate the judgment against the executors, trustees and others interested under the will of the deceased plaintiff defendant appeals. Modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

·Argued before JENKS, P. J., and THOMAS, CARR, WOOD-- WARD, and RICH, JJ.

Frank Parker Ufford, of New York City (Philip Carpenter, of New York City, on the brief), for appellant.

Alfred G. Reeves and A. W. Haywood, Jr., both of New York. City, for respondents Lucas, and John E. Harris.

THOMAS, J. The plaintiff died in December, 1910, after final· judgment for divorce, entered July 27, 1910, against the defendant,. and pending a motion made by her in October, 1910, to set it aside upon the ground of newly discovered evidence of adultery on his· part that, proven, would preclude judgment in his favor. In April, 1911, the defendant moved to revive the action and the motion, and: to vacate the judgment. The executors and trustees and others interested under the will of the plaintiff lived out of the state and were· by order of the court served by publication, and all save two, one an infant, appeared specially to object to the jurisdiction of the court.. The motion was denied solely for want of power to hear it. It is stated in the opinion that the parties served were not related to the subject-matter of the action, and that the court had not acquired jurisdiction over them.

[1] The question is whether the stipulation made by plaintiff's at-- torneys in his lifetime to secure postponements of the hearing of the· motion enables the court to decide the motion ready for. submission· at his death. The consent to the adjournment of the motion was upon. the following agreement made with his attorneys:

"This stipulation is upon the understanding that the defendant is not to be· prejudiced by this adjournment as to any possible present or future rights in the plaintiff's property, and its status as regards the defendant shall remain unchanged pending the determination of this motion."

The agreement, made in view of plaintiff's serious illness and read in the light of it, in its spirit and scope, is that, in consideration of the adjournments, the motion should not abate by his death, and that the defendant's rights in his property should be whatever should come from immediate submission. Had not the stipulation been made, the motion would have been heard with opportunity for decision favorable to the defendant. In short, the plaintiff's attorneys assumed to say to the defendant that, if she would forego the present submission of the motion, she would have the right to have it later decided and have all the benefits of its disposition. The existing opposition is that the stipulation saved nothing to the defendant in the motion, which died with the plaintiff, and that all rights dependent upon decision of the motion and which the stipulation was intended to secure disappeared. By the stipulation the· plaintiff gained all what he would, and the defendant lost what it vouchsafed to her. Such is the result if the stipulation is unavailable. The defendant had been plaintiff's wife. He had judgment divorcing her, subject to the power of the court to re-verse the judgment upon appeal, or to set it aside for usual causes, and amongst them upon the discovery of evidence of a defense based on

his misconduct. The granting of the motion would have vacated the judgment, restored her to the relation of wife, if he were living, and given her whatever interest in his property would flow from his death. If he died pending the determination of the motion, with the stipulation faithfully kept, a decision favorable to her would have annulled the judgment of divorce, made her his widow with whatever in his estate the law gave her. To this he through his attorneys agreed. Now, it is said that his agreement could not do what it promised because his death obliterated the motion and caused the accompanying stipulation to fail, at least in this action. But he agreed that it should not abate. Shall the rule that such an action abates override his agreement that it shall not abate? No rule or consideration of public policy requires that a man's promise, given in view of his death possible or probable, may be violated because he dies. There is nothing abnormal or impossible in the execution of the agreement. A man may obtain a judgment of divorce, and the court may reverse it, although pending the appeal he dies without wife and leaving no widow, and by such reversal the defendant become his widow. His cause of action in case of reversal is in that case lost by his death. So it was known that, if he died and the motion went against him, the case could not be retried. Here he promised that, if given an opportunity to defend the motion, no legal harm from the delay should come to defendant. If he imperiled the retrial of the action in case of his death, he knew the chance he assumed. It was a part of the consideration of postponing the submission.

[2] But it is urged that his attorneys had no authority to make the stipulation in his absence. The stipulation was continued for some time before his death, and it does not appear that he did not know of it or that he repudiated it. It was, however, within their apparent ability to say for him that she should not lose the benefit of submission and possible favorable decision if the due time of submission for determination was postponed. So it was decided in Cox v. N. Y. C. & H. R. R. R. Co., 63 N. Y. 414. There, as here, the action would have abated without the stipulation, but the stipulation, more explicitly expressed, kept it alive. In that case the plaintiff and not the defendant died. But the action in the absence of stipulation would abate in either case, and it is not logical to say that it would abide in one case and abate in the other. But it is here, if anywhere, that the chief difficulty arises. There is no plaintiff within the possible jurisdiction of the court to be substituted. What, then, would have been the decision in the Cox Case had the defendant been a nonresident and jurisdiction of his representatives been impossible? And what would be done had there been in the case at bar an appeal from the judgment and the plaintiff died pending the appeal? Would the court be halted and made powerless thereby? It is said that Mr. Hunt's representatives have no cause of action. Peck's representative had not in the Cox Case. The action did not survive as to either. Neither could be related to the subject-matter of the action, although in either case the result would affect them. But if it be decided, as it has been, that Hunt's executors are not proper parties, that they are not

related to the subject-matter, and that the court has not and cannot obtain jurisdiction of them, then the situation must be faced. Take them at their word. If the executors and others under Mr. Hunt's will have no interest, they need not be considered, and the question then is what can be done. Has the court lost jurisdiction over its own judgment because there is no one who can legally be substituted for the stipulator dying? Does Hunt's agreement fail because his will and property and representatives are beyond the state? He invoked the jurisdiction, possessed its judgment, stipulated continuance of the motion, and the court should not in justice be defeated by the absence of those succeeding to his property. There is no living party plaintiff. There is no novelty in the proposition that the court may continue to consider its own judgment. In behalf of good faith and the fulfillment of obligation, the law finds a way, and does not yield readily to technical obstacles. Hunt fairly stipulated that the motion should continue; that is, that it should be heard and decided whether he lived or died. If the stipulation does not mean that, the argument fails. If that is its scope, the court should do what Hunt agreed that it might do. Cannot it do it? In the Cox Case it was said:

"If the plaintiffs had proceeded with the action in the name of their testator after his death, and obtained judgment the court would, I think, in view of the stipulation, have refused to set aside the judgment at the instance of the defendant. Is it an insuperable objection to the judgment here that the executors of the original plaintiff became parties to the record, and that objection was taken on the trial that the cause of action did not survive? I think not; and that the stipulation is a sufficient answer in this case, also."

In Ames v. Webbers, 10 Wend. 624, the trial was had after the death of the defendant in pursuance of a stipulation given during his lifetime, on an application in his behalf at a previous circuit, to put off the trial for the absence of a witness. A writ of error was prosecuted for the reversal of the judgment. The court had refused to relieve from the stipulation. 10 Wend. 576. In the Cox Case, Judge Andrews wrote of it:

"The suit proceeded to judgment against the deceased defendant (10 Wend. 624), and a writ of error brought thereon by his executors was quashed."

I judge that there was no living defendant to the suit when the trial was had and judgment taken. In McGuire v. New York Central & Hudson River Railroad Co., 6 Daly, 70, there was a stipulation that, in case of the death of the plaintiff at any time before verdict, neither the cause of action nor the action should abate. It was decided that the action after plaintiff's death could be continued against his executor, but it was said that "the cause could not proceed without a plaintiff." Such statement makes against the present defendant, but as an expression of opinion it should yield to the statement in the Cox Case and the decision in Ames v. Webbers. In Watson v. Watson, 1 Hun, 267, there was no stipulation but a motion to set aside a judgment in an action for a divorce for fraud and irregularity in obtaining it was denied. The court said:

. "The administrator has no power to consent to setting aside the judgment. He has no control or authority over it. There is no pecuniary recovery to be

enforced by him. The decree simply ˙dissolves the marriage relation and disposes of the custody of the children, both of which are questions in which the administrator, as such, has no legal interest whatever. * * * We, cannot avoid the conclusion that the motion was properly denied. An action, in the nature of a bill of revivor, bringing before the court all the heirs at law and other persons interested in the real estate left by the decedent, and such persons as may have taken conveyance thereof subsequent to the decree, as well as his representatives, seems ˌto us the only mode in which the relief sought can properly be obtained."

In the absence of stipulation, such would̦ be the proper practice, but, where the existence of the stipulation is undoubted, it can be enforced by motion in the action in which it is made. Potter v. Rossiter, 109 App. Div. 737, 96 N. Y. Supp. 177. In Groh v. Groh, 35 Misc. Rep. 354, 71 N. Y. Supp. 985, the rule in Watson v. Watson was followed, and there also there was no stipulation. But in the case at bar the motion under the stipulation was continued to November 25th, and̦ on November 23, 1910, the plaintiff brought an action and stayed on ex parte application the prosecution of the motion, and before the stay could be vacated the plaintiff died. But to this court, before the plaintiff died, should have been submitted this motion for decision, and but for the stay in the action brought the decision would presumably have been made. The position now that the motion died affronts, not only the stipulation, but good conscience. Its maintenance would be a judicial declaration that the court is powerless over its own judgment, even in a case ·where there is a stipulation that the action shall live for the express purpose of decision—powerless because the plaintiff, after seeking this jurisdiction, has died leaving his property elsewhere to be administered by foreign executors. True, it is admitted, even contended and decided, that the executors are not related to the subject-matter of the action. Their presence as parties would be a mere´ formality supplying by some fiction a party having no interest in the cause of action, save as the reversal of judgment might affect indirectly the decedent's property. If a fiction is necessary, it is a better one to decide the case as of the date of its due submission, when the real plaintiff was alive, and enter the order accordingly. The foreign persons now denying jurisdiction may not complain, inasmuch as they were invited, if not legally bidden, to appear. But their presence is not necessary, and cannot be coerced, and their absence is harmless unless to themselves. It must be kept in mind that the present matter relates solely to the power of the court. What shall be done on the merits receives no attention.

[3] But what has been written has reference to the power of the court in the original motion pending before it. The present motion is an original one tó obtain, with slight exception, the relief sought in the first motion. The stipulation does not authorize that. It saves the first motion. It does not authorize a new motion after death, aimed against the representatives. But no new motion is necessary, as one is pending and vitalized by the stipulation, and upon filing the stipulation, with proof of pertinent facts such as were brought to court in the motion papers herein, the original motion may be decided as of the time when submission was due. Bell v. Bell, 181 U. S. 175, 179,

21 Sup. Ct. 551, 45 L. Ed. 804. Hence the court has the power on the present motion to order that the stipulation and affidavits establishing it and proving plaintiff's death, and the history of the motion, and such other papers as may be pertinent, be made a part of the proceedings in the original motion, and to decide it with such further opportunity to persons to be heard as it deems just.

The present order appealed from should be modified accordingly, and as so modified affirmed, without costs. All concur, except WOODWARD, J., dissenting.