HELEN L. T. HAAS, Plaintiff, *v.* CHARLES J. G. HAAS, Defendant.

Supreme Court, Special Term, Queens County, November 8, 1944.

*Jennette O'Connell* for plaintiff.

*Charles J. G. Haas,* in person, and *Stanley H. Schindler,* for defendant.

HALLINAN, J. The parties were duly divorced in the Circuit Court, City of St. Louis, State of Missouri, on January 5, 1942. The decree was rendered on the petition of the plaintiff, sworn to December 8, 1941, upon the ground that the defendant " has absented himself from plaintiff without a reasonable cause for the space of one year." It is concededly in full force and effect and entitled to full faith and credit in the courts of the State of New York.

The defendant was therein required to pay alimony to the plaintiff in the sum of thirty dollars per week. This sum was

fixed by a written stipulation executed by the parties, which also contained certain other provisions of a financial nature. It was approved by the aforesaid court and was incorporated in its decree.

In October, 1943, plaintiff instituted an action in the City Court of the City of New York, Queens County, to recover from the defendant arrears of alimony which had accrued until September 1, 1943. Judgment in her favor was duly entered in the sum of $2,400.50 on November 30, 1943.

Plaintiff instituted the instant action on December 8, 1943, alleging in her complaint the facts above outlined, and that the defendant had failed to pay the aforesaid judgment for arrears of alimony as well as the alimony which had accrued at the rate of thirty dollars per week after September 1, 1943, and up to and including December 4, 1943. She alleges that the defendant had not given any security for the payment of alimony; that he has left no property in the State of Missouri out of which the judgment might or could be satisfied and that she will be unable to reach any income or property of the defendant unless the following relief is granted:

" *First:* That the judgment of the Circuit Court of the City of St. Louis, Court of Domestic Relations in the State of Missouri be made a judgment of this Court with the same force effect and validity and be enforced against the defendant by this Court in the same manner as if the said judgment were the final judgment of this Court.

" *Second:* That the defendant be adjudged to pay to plaintiff the sums in arrears as aforesaid and sums hereafter in the amount of $30.00 per week.

" *Third:* That the defendant be required to give security for the payments of sums of money hereafter required to be paid.

" *Fourth:* That the defendant's personal property and the rents and profits of his real property be sequestered and a receiver thereof be appointed.

" *Fifth:* That the defendant be enjoined from disposing of any of said property, real or personal, unless and until he pays the sums in arrears, as aforesaid, and gives such security for the payment of the sums required to be paid in the future as the Court may adjudge herein.

" *Sixth:* That the plaintiff have such other and further relief as to the Court may seem proper, together with the costs of this action."

The answer admits the material allegations of plaintiff's complaint and asserts defenses of payment and that the Missouri

decree of divorce was entered upon grounds other than adultery. In addition a counterclaim for $1,500 has been interposed upon an alleged unpaid check made by the plaintiff and delivered to the defendant in the month of December, 1937. It was stipulated at the trial that the City Court judgment and all accrued alimony to January 16, 1944, had been paid and that as of the time of the trial accrued unpaid alimony from January 23, 1944, to and including the week of October 2, 1944, totaled the sum of $1,110.

The legal sufficiency of the plaintiff's complaint was challenged by the defendant by motion and the complaint was sustained, at least so far as it seeks legal relief. (N. Y. L. J., Jan. 18, 1944, p. 226, col. 1.) The legal sufficiency of the counterclaim was likewise sustained upon motion. (N. Y. L. J., April 7, 1944, p. 1363, col. 4.) The equitable phase of plaintiff's complaint has not yet been passed upon and the basic dispute herein concerns itself with that aspect of the case. The plaintiff argues that, having obtained a decree of divorce in a sister State, it should be made the judgment of this court with all the remedies, legal and equitable, to which a final judgment of divorce rendered in this court would be entitled. The defendant contends that inasmuch as the Missouri decree was predicated upon a ground other than adultery, the only relief that plaintiff can obtain in this court is a money judgment for arrears of alimony.

There can be no question that the judgment of divorce obtained in the State of Missouri, on the appearance of both parties, must be given full faith and credit in the courts of this State. (*Matter of Rhinelander,* 290 N. Y. 31, 36.) Said judgment, so far as it provides for the payment of alimony, is considered a " debt of record, until the decree has been recalled, as any other judgment for money is " (*Barber* v. *Barber,* 21 How. [U. S.] 582, 595), and this court concededly has the power to adjudicate the amount of accrued alimony remaining unpaid and due thereunder. The courts " of this State have no common-law jurisdiction over the subject of divorce; they must act within the limits of the power conferred by statute * * * " (*Crouch* v. *Crouch,* 193 App. Div. 221, 223). The statute (Civ. Prac. Act, § 1147) provides, among other things, that a judgment for divorce in this State may be rendered only upon the ground of the defendant's adultery. It is clear, therefore, that the divorce obtained in the State of Missouri on a ground other than adultery cannot be made the judgment of this court as if it were a divorce obtained therein in the first instance. Any other view would,

for all practical purposes, be tantamount to an amendment and liberalization of our divorce statute by indirection, and that does not fall within the purview of the full faith and credit clause of the Federal Constitution (art. IV, § 1).

In *Lynde* v. *Lynde* (41 App. Div. 280, affd. 162 N. Y. 405, affd. 181 U. S. 183) the plaintiff, in her suit to enforce the alimony provisions of a New Jersey decree of divorce, obtained a judgment providing in part that it be " with like force and effect as if the same were a judgment of this court." The appellate courts ruled that this provision was improper and held that the courts of this State will not enforce the alimony provisions of a foreign judgment except by an action at law to recover arrears. The Court of Appeals in its opinion (162 N. Y. 405, 417) said: " The proceeding in chancery had terminated in an unconditional decree that the defendant must pay a definite sum of money, established as a debt against him, and, therefore, it had extra-territorial value and force. (Wharton Confl. Laws, § 804.) As a debt of record against the defendant the courts of this state should give it full credit and effect; but as to its other provisions for future alimony and for equitable remedies to enforce compliance, I do not think we should say that it falls within the rule of the Federal Constitution. I do not think that the courts of this state should give effect to the decree by enforcing any of the collateral remedies, which the prevailing party may be entitled to in New Jersey and which the subsequent order gave to her."

Following the foregoing decision, section 1772 of the Code of Civil Procedure (now section 1171 of the Civil Practice Act) was amended so as to apply to the enforcement of the payment of alimony awarded by a decree of divorce of a sister State upon the ground of *adultery* precisely the same remedies which are applicable to the judgment of divorce obtained in this State. (*Moore* v. *Moore,* 143 App. Div. 428, affd. 208 N. Y. 97.)

It was held in *Beech* v. *Beech* (211 App. Div. 720) that a wife who had secured a divorce in a foreign jurisdiction on the ground of cruelty, could recover, at law in this State, the unpaid alimony accruing thereunder but she was not entitled to security for the payment of future alimony and sequestration provided by section 1171 of the Civil Practice Act, since its remedies were available only where the foreign judgment was granted upon the ground of adultery. Subsequently in *Miller* v. *Miller* (219 App. Div. 61, affd. 246 N. Y. 636) the court applied the holding of the *Beech* case (*supra*) to section 1172 of the Civil Practice Act, which provides for the enforcement of the payment of

alimony by contempt proceedings. The court held that both sections must be read together, and when thus read, a decree of divorce in another State, obtained on the ground other than adultery, is limited to the recovery of a money judgment for the amount representing alimony due and unpaid, which judgment can be enforced by execution. Finally *Boissevain* v. *Boissevain* (252 N. Y. 178) specifically held that sections 1171 and 1172 of the Civil Practice Act controlled " the remedies in cases of judgments obtained in other States for absolute divorce on the ground of adultery. * * * "

There is nothing in the recent case of *Williams* v. *North Carolina* (317 U. S. 287) which changed the principles enunciated in the foregoing cited cases concerning the inavailability of equitable remedies to judgments of divorce obtained in sister States on grounds other than adultery. The Supreme Court of the United States in the *Williams* case merely reconsidered its decision of *Haddock* v. *Haddock* (201 U. S. 562) and expressly overruled it. (See *Matter of Holmes,* 291 N. Y. 261.)

Thus a sister State may, in accordance with her own settled procedural standards, alter the marital status of a spouse domiciled in that State by granting a divorce from the absent spouse, notwithstanding that jurisdiction of the latter was obtained on constructive service of process rather than by personal service within the State or upon a voluntary appearance. This does not mean that a divorce thus obtained, but on a ground other than adultery, is entitled to the same collateral equitable remedies which are expressly available in the courts of this State to divorces obtained upon the ground of adultery.

In light of the foregoing, the plaintiff is entitled to a judgment for money only for the unpaid past-due alimony, which in this case amounts to $1,110. A judgment in said sum, with interest and costs, is directed to be entered in plaintiff's favor. She is entitled to no other relief. The defendant's counterclaim is dismissed on the merits. His proof is unbelievable and evidently the claim was an afterthought which was not sustained by a preponderance of the believable proof.