ROCCO J. ANGELO, Plaintiff, *v.* DOROTHY E. ANGELO, Appellant. C. EARLE HAGER et al., as Administrators of the Estate of ROCCO J. ANGELO, Deceased, Respondents.

Third Department, April 2, 1954.

*Michael Lo Pinto* and *John Lo Pinto* for appellant.

*James R. Carmody* for plaintiff and respondents.

HALPERN, J.   The defendant-appellant has thus far been unsuccessful in her efforts to obtain a determination upon the merits of her motion to vacate a divorce judgment obtained against her by her late husband.

The interlocutory judgment of divorce was entered on October 5, 1949, and became final on January 5, 1950.   The defendant-appellant claimed that she had not been served with a summons in the action and that she had no knowledge of the divorce judgment until October 17, 1950.   She applied by an order to show cause dated October 30, 1950, to vacate the judgment of divorce or, in the alternative, to open up her default.   After the motion had been argued and while it was pending before the Special Term for decision, her husband, who had been the plaintiff in the divorce action, died.   The court thereupon denied the motion upon the ground that the application had abated by reason of the plaintiff's death.

An appeal was taken to this court by the defendant-appellant but, upon the oral argument, the attorney who had appeared for the plaintiff in the court below and who had filed a brief in the plaintiff's name in this court, notwithstanding his decease, asserted that he had no authority to represent the plaintiff's heirs or administrators in this matter and could not consent to their being deemed to be parties to the application.   Thereupon this court reversed the order and remitted the matter to the Special Term so that the administrator might be substituted and so that the interested parties might be given an opportunity to be heard (282 App. Div. 981).

A motion was accordingly made by the appellant to substitute the administrators of the estate of the deceased plaintiff in his place and stead for the purpose of the hearing and determination of the appellant's application to vacate the judgment of divorce.   This motion was denied by the Special Term upon the ground that, since the action of divorce had abated, there was no action pending in which the administrators of the plaintiff could be substituted.

In our opinion, the doctrine that a cause of action for divorce abates on the death of a party is not applicable here.   The question of abatement of the cause of action will arise only if the judgment is vacated and an effort is then made on behalf of the plaintiff's administrators to reprosecute the action to judgment.   The question which is here involved is whether the

right of the defendant-appellant to attack the judgment of divorce was cut off or terminated by her husband's death. The right to attack a judgment by appeal or motion or other appropriate proceeding does not abate upon the death of the person in whose favor the judgment had been entered. This is true, even though the cause of action on which the judgment was based would not have survived the death of the party before judgment (1 C. J. S., Abatement and Revival, § 127; cf. *Matter of Crandall,* 196 N. Y. 127, 130, and *Kirkbride* v. *Van Note,* 275 N. Y. 244).

A separate question, apart from the doctrine of abatement, may be raised as to the proper form of procedure to attack a judgment after the death of one of the parties. There is a line of cases stemming from *Watson* v. *Watson* (1 Hun 267, 47 How. Prac. 240), to the effect that a judgment in a matrimonial action may not be attacked after the death of the plaintiff by motion but that an action in equity in a nature of a bill of revivor is the appropriate remedy. Under the modern practice, we see no reason why a motion, upon notice to all interested persons, is not a sufficient method of bringing the matter before the court (cf. *Kirkbride* v. *Van Note, supra,* and *Dye* v. *Dye,* 93 N. Y. S. 2d 95).

Furthermore, the motion in this case was made and submitted prior to the death of the plaintiff and, if it is necessary to adopt that procedure, the motion may be decided *nunc pro tunc* as of the time of its original argument and submission, notwithstanding the plaintiff's subsequent death (cf. *Bell* v. *Bell,* 181 U. S. 175, and *Hunt* v. *Hunt,* 154 App. Div. 833).

The point is raised by the respondents-administrators that notice has not been given to the heirs of the deceased plaintiff and that if the judgment is vacated or set aside their real property interests may be affected. This point may be adequately met by the appellant's giving notice of the hearing upon the application to set aside the judgment, not only to the administrators but also to the heirs.

The order appealed from should be reversed and the motion to substitute the administrators for the deceased plaintiff for the purpose of the hearing and determination of the application to vacate the judgment of divorce, should be granted, with $10 costs, and the matter remitted to Special Term to hear and determine the application upon the merits, upon notice to the administrators and to the heirs of the deceased plaintiff.

Foster, P. J., Bergan, Coon and Imrie, JJ., concur.

Order appealed from reversed and the motion to substitute the administrators for the deceased plaintiff for the purpose of the hearing and determination of the application to vacate the judgment of divorce granted, with $10 costs, and the matter remitted to Special Term to hear and determine the application upon the merits, upon notice to the administrators and to the heirs of the deceased plaintiff.