Stanley Gautenstein, J.
The petitioner in this custody proceeding invokes an ingenious theory as a vehicle through which he seeks to have this court exercise jurisdiction.
Petitioner is the natural father of the infant Edward Lawrence Armstrong. Respondents are maternal grandparents who now have de facto custody of the infant as a result of the death of their daughter, the infant’s mother, who died on August 29, 1971 as an apparent suicide while living with respondents. The deceased mother had custody of said infant by virtue of either of two judgments to be discussed herein.
On April 8, 1969, the deceased mother, as plaintiff, recovered an uncontested judgment of separation in the Supreme Court of this State, County of New York, which awarded custody of the infant to her and further provided that it was to be enforced or modified only in the Supreme Court.
Subsequent thereto, the petitioner herein, who was the defendant in the separation action, recovered an uncontested divorce in the State of Texas on October 21, 1969 which also awarded custody of the same infant to the mother who was the defendant therein.
Upon the subsequent death of the mother, the infant remained with his maternal grandparents whose residence is in Nassau County. Instead of proceeding by writ of habeas corpus in that county as the county of the alleged illegal detention for custody of said infant, petitioner now moves this court under section 654 of the Family Court Act for an order amending the Texas decree insofar as it awards custody to the deceased mother so that it would award -custody to him.
The text of section 654 is as follows: ‘ ‘ On a showing to the family court that a change of circumstances subsequent to the entry of an order of judgment by a court of competent jurisdiction not of the state of New York, fixing custody in an action for divorce, separation or annulment, the family court shall proceed to determine an application to modify the custodial arrangement provided in such order or judgment.”
The change of circumstances alleged is the death of the child’s mother.
The law is clear in both jurisdictions that a surviving parent automatically becomes the custodian and/or guardian of a child subject only to the overriding concern of the welfare of the *551 guardianships and Matter of Rappaport, 80 N. Y. S. 2d 137; Knollhoff v. Norris, 152 Tex. 231; Callicott v. Callicott, 364 S. W. 2d 455.)
The picture is further clouded by the fact that although the Texas decree is bilateral on its face, having been obtained upon a purported submission to jurisdiction executed by the deceased wife and recited in the Texas decree, the actual supporting papers filed in Texas apparently do not support the recitation of the Texas court as to the bilateral nature of its proceedings. Respondents attack the validity of the Texas decree as having been obtained in contravention of the New York separation decree. The court rejects this argument under the elementary proposition that, presented with a decree of a sister State, valid on its face, the court is bound to extend full faith and credit thereto by virtue of section 1 of article TV of the United States Constitution.
The petitioner submits voluminous documentary evidence to the effect that he was in fact domiciled in the State of Texas at the time the divorce decree in that State was entered. As a matter of law, if the T§xas decree is indeed a unilateral one, its validity must rest upon Williams v. North Carolina (I) (317 U. S. 287) which delineates the sole criteria for extension of full faith and credit as being the bona fide domicile of the plaintiff in the rendering State. In this event, this court, faced with a collateral attack thereon in this State, has only one issue before it, viz.: Did the rendering State in fact have jurisdiction1? (See Williams v. North Carolina (II) (325 U. S. 226). Paraphrased: If the court views the decree as a unilateral divorce (by looking past it to its supporting papers filed in Texas) it is then bound to take testimony as to the purported bona fide domicile established in the rendering State. The court holds this to be unnecessary inasmuch as the decree of the Texas court purports on its face to be bilateral as a result of the recitation therein of the alleged waiver. If indeed, the Texas court made a mistake of fact by issuing a decree not supported by its own record, that court would have to be the one to take remedial action inasmuch as the final judgment merged the underlying proceedings therein. This court is faced with a valid bilateral divorce on its face in which event we have held that the extension of full faith and credit to the Texas decree is mandated by section 1 of article IV* of the United States Constitution. (See Haas v. Haas, 183 Misc. 870; Tatum v. Maloney, 226 App. Div. 62.) The decree of the Texas court is therefore extended full faith and credit and recognized herein. This *552 recognition in no event implies a similar result in a court of competent jurisdiction in this State having the marital res before it, it being fundamental that the ancillary adjudication herein as to the validity of the divorce, necessary as it is to these proceedings, can only affect those issues in this court without affecting the right of a proper court with full jurisdiction to rule on the existence or nullity of the marriage itself. (Loomis v. Loomis, 288 N. Y. 222.)
The next question must concern itself with the extent and effect of the full faith and credit extended to the Texas decree. The terms of section 1 of article IV grant to Congress, in effect, the right to legislate the extent of constitutional insulation which the decree of a rendering State shall receive in a forum in which it is collaterally attacked. Congress has so legislated with the enactment of section 1738 of title 28 of the United States Code by providing that the decree of a rendering State be entitled to the same recognition as it would receive in its own State. The United States Supreme Court has further held that this recognition should not be more extensive than that provided in the rendering forum. (Halvey v. Halvey, 330 U. S. 610.)
In Matter of Warden v. Warden (68 Misc 2d 1080) this court, by the Hon. I. Leo Glasses, ruled that section 466 of the Family Court Act permitting amendment of a sister State divorce decree by the Family Court as regards support must still be constitutionally limited by Sistare v. Sistare (218 U. S. 1) which mandates that this court first find as a threshold jurisdictional issue that the decree in question was amendable in its own jurisdiction. In this matter, the court rules, as it must, that section 654 of the Family Court Act permitting amendment of a sister State decree as regards custody must likewise be limited by the Halvey doctrine (supra), and by section 1738 of title 28 of the United States Code to circumstances in which the renderingjState itself permits amendment.
It goes without saying that the adjudication herein does not concern itself with a de novo situation where a court of competent jurisdiction in this State acts as parens patriae to protect the welfare of an infant within its jurisdiction even faced with a sister State custody decree. Such would be the case, for example, were the Supreme Court faced with a writ of habeas corpus between the same parties for custody of the same infant. But this court has no original jurisdiction to determine custody. We therefore deal here strictly with the problem of amendment of a sister State decree of custody in this court *553 pursuant to section 654 of the Family Court Act. In this regard, the only constitutional construction of section 654 must be as so limited.
If, therefore, the Texas court did have power to amend its own decree under these circumstances this court would have jurisdiction to act and would derive statutory authority to do so under section 654 of the Family Court Act as constitutionally limited by Halvey.
An examination of the law in Texas shows that although a divorce decree may be amended therein as regards custody, the proceeding to “ amend ” is in reality a de novo action with new process whose venue is determined by the county in which the infant resides. (See Vernon’s Ann. Stat., art. 4639a and Matter of Webb, 153 Tex. 234.) Hence, that proceeding is really analogous to a New York writ of habeas corpus. Thus, the criteria of “ amendability ” by the rendering court, while satisfied in form, is not satisfied in substance.
Finally, we are confronted with the direct narrow issue of amendment of the decree after the death of a party thereto. Counsel for respondent cites Rice v. Andrews (127 Misc. 826) in support of the proposition that a divorce decree is not amendable as regards custody after the death of one of the parties. The petitioner cites Angelo v. Angelo (283 App. Div. 588) in support of the proposition that a divorce decree may be attacked after the death of one of the parties. Both of these theories of law are inapplicable. As regards the case cited by petitioner, this speaks of attacks on the decree itself rather than amendment thereof and is not in point. The law cited by counsel for both sides is likewise inapplicable inasmuch as it is the Texas decree which is before the court0, and, accordingly, Texas law as to amendability must apply. In this instance, the court, in examining Texas law, notes the adjudication in Thrash v. Cochran (360 S. W. 2d 587) to the effect that Texas itself does not permit amendment of a divorce as regards custody after the death of a party thereto. This court, looking to the law of Texas, finds its decree not amendable, and accordingly, the true extension of full faith and credit under the Halvey doctrine mandates the dismissal of this proceeding.
The court is mindful of the fact that the assault herein on the Texas decree is brought on by a stranger to it. Because it has been rendered academic, the court will not explore questions which might otherwise have been raised by Johnson v. Muelberger (340 U. S. 581) concerning third-party collateral attack and whether allowed by Texas law.
*554 It is self-evident that the determination herein is without prejudice to such other right of petitioner as he has in any court of competent jurisdiction framed under any other remedy which the law awards to him. Proceeding dismissed.