OPINION OF THE COURT
Stanley Gartenstein, J.
Ordinarily, the admonitions contained herein would be forthcoming by internal directive within the court structure. Since they are of general interest, the court issues this opinion for the guidance of the Bar.
We are here presented with an ex parte application drawn by the clerk of the court for letters of guardianship by the maternal grandmother of the infant Tamara I. whose mother died on June 4, 1977. Tamara’s parents were divorced in 1973 with custody awarded to the mother. The father now lives in Chicago where he is employed as a long distance driver.
Clearly, the father has rights which cannot be cut off by ex *996 parte proceedings which will have the effect of a "back door” adoption. (Stanley v Illinois, 405 US 645.) Upon the death of one parent, the other automatically becomes, in the absence of intervening special circumstances, the custodian and/or guardian of the child (Domestic Relations Law, § 81; Armstrong v Grimes, 70 Misc 2d 549). While the ex parte guardianship now submitted will not be conclusive in any proceeding in which the father seeks to assert his rights, it will be a heavily weighted factor by any court which will ultimately adjudicate these rights. The court will not prejudice any prospective party by judicial fiat without granting the basic opportunity to be heard. In short, where there is available an adversary proceeding on the merits, we consider it inappropriate to approve an ex parte application granting substantially similar relief de facto.
The court notes the availability of proceedings to determine custody pursuant to subdivision (b) of section 651 of the Family Court Act. This section gives it all powers held by the Supreme Court in addition to its own. Accordingly, while the classic remedy of habeas corpus to determine custody available pursuant to CPLR article 70 is usually thought of as the only one appropriate to custody, thus ostensibly excluding a case where a petitioner has the child and therefore not seeking "production of the body”, this remedy is not exclusive and takes no account of the lesser known common-law proceeding to determine custody brought at Special Term in which the child’s custodian has standing to sue. Obviously the enactment of subdivision (b) of section 651 of the Family Court Act has transposed this remedy to this court as well.
Proceeding dismissed without prejudice to a petition pursuant to subdivision (b) of section 651 of the Family Court Act to determine custody.